**FOSTER BROS. MFG. CO. and S. N. Long Warehouses, Inc., Respondents,**

v.

**STATE TAX COMMISSION OF MISSOURI, Assessor of The City of St. Louis, and The City of St. Louis, The Board of Education of The City of St. Louis (Intervenors), Appellants.**

No. 46696.

Supreme Court of Missouri, Division No. 1.

Dec. 8, 1958.

Motion for Rehearing or to Transfer to Court en Banc Denied Jan. 12, 1959.

Charles J. Dolan, Acting City Counselor, Thomas F. McGuire, Assoc. City Counselor, James J. Gallagher, Asst. City Counselor, St. Louis, for appellants, Assessor, City of St. Louis, and City of St. Louis.

Emmet T. Carter, Doris Banta, St. Louis, for appellant, Bd. of Ed. of City of St. Louis.

John M. Dalton, Atty. Gen., Donal D. Guffey, Asst. Atty. Gen., for appellant, State Tax Commission.

Chopin & Boisaubin, Alfred L. Boisaubin, St. Louis, for respondents.

HOLMAN, Commissioner.

In this case the defendants and intervenors (hereinafter refered to as defendants) have appealed from a judgment of the circuit court of the City of St. Louis which reversed an order of the State Tax Commission (hereinafter referred to as the Commission) fixing the assessment valuation of two tracts of land separately owned by plaintiffs. We have appellate jurisdiction because the case involves the construction of the revenue laws of the State. Article V, Section 3, Constitution of Missouri 1945, V.A.M.S.; State ex rel. Lindell Tower Apartments v. Guise, 357 Mo. 50, 206 S.W.2d 320.

Each of the tracts involved herein contains approximately four acres of land and

is located on South Vandeventer Avenue in St. Louis, Missouri. One will be referred to as the Long tract and the other as the Foster tract. In each instance the land and the improvements thereon were assessed separately and no complaint has been made as to the valuation of the improvements. The dispute herein involves the valuation (as of January 1, 1956) of the respective tracts of land only.

The Long tract had an assessed valuation of $43,500 as of January 1, 1955. The assessment in question increased the valuation to $84,150. The 1955 assessment of the Foster tract was $51,000 which was increased in 1956 to $97,040. The increases in the assessed valuation of the said tracts resulted from a reappraisal thereof by the assessor as a part of a reappraisal program whereby all industrial land in St. Louis had been revalued for assessment purposes in accordance with an industrial land formula which had been adopted by the assessor of that city. The reappraisal program had been commenced in 1953 and completed prior to January 1956.

Each of the plaintiffs appealed from the valuation fixed by the assessor to the Board of Equalization of the City of St. Louis, but said board refused to reduce either valuation. Appeals were thereafter taken to the State Tax Commission. On September 11, 1956, the Commission held a hearing (consolidated by agreement) in St. Louis upon those appeals. At that time the members of the Commission viewed both tracts and heard evidence. We see no need of stating the evidence in detail. John D. Weber, a real estate broker and appraiser, fixed the value of the Long tract at $102,000 and the Foster tract at $111,250. Plaintiffs also called Joseph J. Backers, who testified that he was employed by the City of St. Louis as Valuation Engineer and that the tracts in question were assessed for 1956 under his direction. This witness gave the details concerning the increase in assessment valuation of the tracts in question as a result of a revaluation in accordance with the formula adopted by the assessor in connection with the reappraisement program heretofore mentioned. Upon cross-examination he expressed the opinion that the sale value of these tracts would be between 75¢ and 80¢ a square foot which would be approximately $132,000 for the Long tract, and $143,000 for the Foster tract. On November 8, 1956, the Commission made a finding that the evidence adduced at the hearing did not show that the assessments in question were "unlawful, unfair, improper, arbitrary or capricious," and ordered that the proper assessed valuation of the Long tract should be $84,150 and the Foster tract $97,040, which were the amounts of the original assessments.

Thereafter each of the plaintiffs filed a petition in the circuit court of the City of St. Louis to review the order of the Commission and the cases were consolidated by proper order. The defendants named in those petitions were the State Tax Commission, the City Collector, and the City Assessor. Prior to trial the City of St. Louis and the Board of Education of the City of St. Louis were permitted to intervene as parties. Plaintiffs filed in the circuit court a transcript of the record of the proceedings before the State Tax Commission. Also, at the hearing, they offered the deposition of James M. Robertson, chairman of the State Tax Commission, which had been taken after the Commission had made its decision. Defendants objected to the deposition on the ground that there had been no showing "that such evidence in the exercise of reasonable diligence could not have been produced" at the hearing before the Commission. See Section 536.140, subd. 4, as amended, Laws of Mo. 1953, p. 679, Sec. 2. (Unless otherwise indicated all statutory references are to RSMo 1949, V.A.M.S.) The court admitted the deposition. In his testimony Mr. Robertson identified three exhibits which are called Real Estate Ratio Studies. Exhibit 1 related to 1953 Sales—1954 Assessments. Exhibit 2 related to 1954 Sales—1955 Assessments, and Exhibit 3 related to 1955 Sales—1956 Assessments.

Those exhibits were not records of the Commission. They constituted a compilation of figures that had been prepared by some group of utility tax representatives and delivered to the Commission for its information. Using Exhibit 3 as an example, we will state that it purports to show (1) the number of real estate sales in each county in the State during 1955, (2) the aggregate consideration for those sales, and (3) the aggregate assessed valuation of those properties for 1956. The study then purported to give the percentage ratio of assessed valuation to the sales price. This ratio is given as to each county in the State and the City of St. Louis, as well as the average ratio for the State as a whole. According to this exhibit the real estate sold in St. Louis City in 1955 was assessed on January 1, 1956 at 36.24% of the sales price, while the average assessment as to all property sold in the State (computed on the same basis) was 29.77%.

The trial court found that "Said order of the State Tax Commission of Missouri imposes a heavier tax burden on said petitioners than is borne by other taxpayers within the City of St. Louis and imposes a heavier tax burden on the taxpayers of the City of St. Louis than is borne by taxpayers in the several counties of the State of Missouri; * * * is unsupported by competent and substantial evidence upon the whole record * * *; is arbitrary and capricious; (6) Said petitioners offered at the trial competent and material evidence which, in the exercise of reasonable diligence, they could not have produced at the hearing before said Commission." The court decreed that "said order of the State Tax Commission of Missouri be and is hereby reversed, and that this consolidated cause be and it is hereby remanded to the State Tax Commission of Missouri for reconsideration of the assessment of said properties of petitioners for the year 1956, in the light of this judgment and said offer of evidence referred to in paragraph (6)."

Upon this appeal plaintiffs rely on one point only in support of the judgment of

the trial court. Note the following from their brief: "Respondents' position stated in concise terms is that their property had been assessed at a higher percentage of true value than other property of the same class situated, not in St. Louis where respondents submit all property has been assessed on an equal and comparable basis, but in other counties throughout the state; that their property has been assessed at a higher percentage of true value than the average of other property of the same class in other counties throughout the state."

In reviewing the instant order of the State Tax Commission it should be borne in mind that this proceeding was an appeal by individual property owners from a ruling of the Board of Equalization of the City of St. Louis (hereinafter referred to as the Board) relating to the assessed valuation of their property. In that situation the Commission exercised a jurisdiction which was derivative or appellate in nature and hence the power or jurisdiction of the Commission was no more extensive than that possessed by the Board. Lusk v. Public Service Commission, 277 Mo. 264, 210 S.W. 72. In so far as applicable here, the power and duties of the Board were "to hear complaints and appeals, and to adjust, correct, and equalize the valuations and assessments of any taxable real or tangible personal property within the city * * *." Section 138.150. The right of a property owner to appeal to the Commission, and the duty of the Commission in that regard, is specified in Section 138.430, subd. 2, as follows: "Every owner of real property or tangible personal property and every merchant and manufacturer shall have the right of appeal from the local boards of equalization under rules prescribed by the state tax commission. Said commission shall investigate all such appeals and shall correct any assessment which is shown to be unlawful, unfair, improper, arbitrary or capricious."

Upon the hearing of the petitions for review in the circuit court it "was the duty of the trial court, as it is ours

on appeal, with proper deference to findings involving credibility of witnesses, to determine whether the commission 'could have reasonably made its findings, and reached its result, upon consideration of all of the evidence before it; and to set aside decisions clearly contrary to the overwhelming weight of the evidence.'" Ulman v. Evans, Mo.Sup., 247 S.W.2d 693, 694. As we have indicated, there was no evidence presented to the Commission which would have supported the sole contention of plaintiffs in the appeal we are now considering. In support of that contention they rely upon the deposition and exhibits identified therein which were offered for the first time in the circuit court. Defendants here contend (as they did in the trial court) that the court erred in ruling that said evidence was admissible. We have decided that we need not determine that question because, in the view we take of this case, that evidence would be wholly immaterial even if otherwise admissible.

In addition to its duty to hear appeals of individual property owners from the action of local boards, the Commission has the duty to equalize the valuation of property as between the several counties (and City of St. Louis) of the State. That duty is called intercounty equalization. It is provided for in Section 138.390 as follows: "1. Between the dates of June twentieth and the second Monday in July, 1946, and between the same dates each year thereafter, the state tax commission shall equalize the valuation of real and tangible personal property among the several counties in the state in the following manner: With the abstracts of all the taxable property in the several counties of the state and the abstracts of the sales of real estate in such counties as returned by the respective county clerks and the assessor of the city of St. Louis, the commission shall classify all real estate * * *. 2. The commission shall equalize the valuation of each class thereof among the respective counties of the state in the following manner: (1) It shall add to the valuation of each class of the prop-

erty, real or tangible personal, of each county which it believes to be valued below its real value in money such per cent as will increase the same in each case to its true value; (2) It shall deduct from the valuation of each class of the property, real or tangible personal, of each county which it believes to be valued above its real value in money such per cent as will reduce the same in each case to its true value." The powers and duties relating to intercounty equalization were formerly vested in the State Board of Equalization which board was abolished in 1945.

As heretofore noted, the Board of Equalization of St. Louis has the power and duty to equalize the assessment valuations of real property within the city. Section 138.150. The performance of that duty is called intracounty equalization.

We have quoted from the sections of the statutes which prescribe the duties of the Board and of the Commission. Those administrative tribunals have only such powers and jurisdiction as is specified in the applicable statutes. The courts cannot add thereto powers that are not within the scope and purpose of the statute. The relative powers and duties of the Board and Commission in the plan for equalization of assessments clearly appear in the foregoing statutes. The Board is given the power to correct assessments. In performing that duty it would have the power to reduce assessments that are above the true value of the property and to increase those that are below such value. In addition to that function it has the duty to equalize the valuations within each class of property located in the city. In performing that duty the Board should make such adjustments in the valuation of each unit of property in each class as may be required to attain substantial uniformity of assessment. In other words, if all property located in the City of St. Louis is not actually assessed at its true value the Board should adjust the valuations of the separate units so that each unit would be assessed at substantially the same percentage of its true value.

■ It should be noted that the Commission is not granted the power to raise or lower the valuation of a specific unit of property within a class, except upon appeal from the Board, in which case its jurisdiction is derivative. However, the Commission is charged with the duty and authority to annually equalize the valuation of each class of property among the several counties of the State. Section 138.390, supra. The decisions of the Commission in performing its functions in regard to intercounty equalization are conclusive upon the county (City of St. Louis) boards of equalization. Mercantile Trust Co. v. Schramm, 269 Mo. 489, 190 S.W. 886. Moreover, we have recently held that such annual order of intercounty equalization is not subject to collateral attack and is not subject to review in a landowner's appeal from a specific valuation such as is involved in the instant case. May Department Stores Co. v. State Tax Commission, Mo.Sup., 308 S.W.2d 748.

■ We think it is manifest from the foregoing that the various boards of equalization are empowered with the original jurisdiction to accomplish intracounty equalization and that the State Tax Commission has the exclusive jurisdiction to effect intercounty equalization. In that connection we have stated that, "With respect to the equalization of ' assessments, the functions of the county board of equalization and the state board of equalization are entirely separate and distinct. The county board's authority is limited to equalizing valuations of property *within a class* * * *. The state board's authority is limited to the equalization of the valuation of each class as a whole among the respective counties of the state." First Trust Co. of St. Joseph v. Wells, 324 Mo. 306, 23 S.W.2d 108, 110.

As heretofore stated, the plaintiffs concede that their tracts are assessed at less than their true value and on a basis which is equal and comparable with all other real estate located in the City of St. Louis. That concession would indicate that the Board of Equalization had fully performed the duties imposed upon it by Section 138.150, and hence plaintiffs are not entitled to any relief in an appeal from the action of that Board. If the Board had endeavored to equalize the assessment of plaintiffs' tracts with the assessment of property in other specific counties, or with the average assessment in all other counties (as plaintiffs contend it should have done), such would have been in excess of its jurisdiction and would have constituted an effort on the part of the Board to partially assume the jurisdiction and duties that have been vested in the State Tax Commission by virtue of the provisions of Section 138.390.

■ "The law clearly and expressly requires that for the purpose of valuation all property in the state, regardless of where situate, shall be dealt with in the same manner. For this purpose of valuation, the law decrees uniformity * * *." Mercantile Trust Co. v. Schramm, 269 Mo. 489, 190 S.W. 886, 887. Uniformity in assessments as between the various counties must be accomplished, however, by the State Tax Commission in its annual order of intercounty equalization. Plaintiffs agree that it *should* be accomplished in that manner. They point out, however, that since we have held in the May Department Stores case that the annual order could not be reviewed in an appeal by an individual landowner, the matter of lack of intercounty uniformity should be considered in determining the propriety of the assessment under circumstances such as exist in the instant case. It is suggested that unless we so hold there will be no way that a taxpayer may complain of lack of uniformity on a state-wide basis. We do not feel that it is encumbent upon this court to suggest a remedy by which plaintiffs may obtain a review of said annual order. We need only rule (as heretofore stated) that the point they rely upon in the case at bar will not warrant the granting of the relief sought.

The plaintiffs do not contend that any of the statutes we have considered are uncon-

stitutional. They do contend that the failure of the State Tax Commission to grant them relief in this proceeding was a violation of their rights under certain provisions of the State and Federal Constitutions. Since, as we have stated, the Board of Equalization and the State Tax Commission have fully performed their duties under the statutes applicable to this proceeding, and since the point upon which plaintiffs rely will not afford a basis for the relief plaintiffs seek in this action, we have the view that the alleged constitutional questions need not be further considered herein.

The judgment is reversed and cause remanded with directions to the trial court to enter a judgment affirming the order of the State Tax Commission.

VAN OSDOL and COIL, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.