CITY OF ST. LOUIS, a municipal corporation, and Raymond Bartunek, Assessor of the City of St. Louis, Appellants,

v.

STATE TAX COMMISSION of Missouri et al., Respondents,

and

International Business Machines Corporation, a corporation, Respondent.

No. 57973.

Supreme Court of Missouri, Division No. 1.

Feb. 11, 1974.

———◆———

Robert C. McNicholas, City Counselor, James J. Wilson, Associate City Counselor, St. Louis, for appellants City of St. Louis and Raymond Bartunek, Assessor of The City of St. Louis.

Fordyce, Mayne, Hartman, Renard, Stribling & Boedeker, Nelson W. Hartman, Harold A. Thomas, Jr., James D. Eckhoff, St. Louis, for respondent International Business Machines Corp.

John C. Danforth, Atty. Gen., Jefferson City, for respondents State Tax Commission of Mo., James Riney, Chairman, Carl E. Davis and Don G. Williams.

HOLMAN, Judge.

This is an appeal by the City of St. Louis and its assessor from a judgment affirming a decision of the State Tax Commission of Missouri which reduced the assessed valuation of certain tangible personal property of International Business Machines Corporation for the year 1971. This court has appellate jurisdiction because the issues involve a construction of the revenue laws of this state. Art. V., Section 3, Mo.Const., V.A.M.S.; Buff v. State Tax Commission of Missouri, 467 S. W.2d 273 (Mo.1971). We affirm.

We will hereinafter refer to the parties as follows: City of St. Louis as "City"; Raymond Bartuneck and his predecessor, Joseph Sansone, assessors of the City, as "Assessor"; the State Tax Commission and individual members thereof as "Commission"; International Business Machines Corporation as "IBM". The Board of Equalization of the City of St. Louis will be referred to as the "Board".

The controversy in this case relates to the proper method of assessing the data processing rental equipment of IBM in order to determine its true value for the purpose of taxation.

It should be noted at the outset that Section 138.410(1) [1] provides that, "The commission shall exercise general supervision over all the assessing officers of this state, over county boards of equalization and appeal in the performance of their duties under this chapter and all other laws concerning the general property tax . . . ." Also, Section 138.235(2) provides that, "The commission shall investigate companies which have intangible personal property for lease or companies which lease tangible personal property, to cause said property to be properly taxed within this state." In accordance with the performance of those duties the Commission, on January 5, 1971 mailed a letter to all the assessors which discussed a number of assessment problems and contained the following: "On leased equipment from RCA, Xerox, I.B.M., etc., we abide by the formula of 40 times monthly rental divided by 3, which figure will be assessed value of this equipment."

On March 29, 1971 IBM filed with the Assessor its tangible personal property return for 1971. It showed a total assessed valuation of $26,113,794. Substantially all of that property was leased equipment and the valuation was arrived at by following the formula specified by the Commission, i. e. multiplying the amount of monthly rental ($1,916,175) by forty and dividing the amount obtained by three. The Assessor, however, advised IBM that he had adopted a formula of multiplying the monthly rental by fifty and dividing by three. The use of that formula produced an assessed valuation of $32,554,345 or an increase of $6,440,551 over the valuation produced by use of the other formula. A hearing was held before the Board on June 3, 1971, and the valuation arrived at by use of the Assessors' formula was adopted.

1. All statutory references are to RSMo 1969, V.A.M.S.

IBM filed a petition for review with the Commission and a hearing was held on November 2, 1971. At that hearing IBM relied upon the formula adopted by the Commission as the one which would result in fixing the true value of the equipment. IBM also offered evidence to the effect that seventy counties, four townships, and sixteen cities had accepted the formula adopted by the Commission in fixing the assessed valuation of its rental equipment.

The City endeavored to obtain information from IBM as to the catalog or sale price of the equipment for the purpose of offering it in evidence, but the Commission ruled that such evidence would not be proper in an appeal hearing when it had not been used by the Assessor or the Board. As stated by one member of the Commission, "I believe that the matter before this Commission is whether fifty times the monthly rental or forty times the monthly rental is the correct figure divided by three, and that is all." (We do not rule whether the proffered evidence was admissible because that question is not raised on this appeal.)

Mr. Sansone, the assessor, was offered as a witness by the City. He testified that he had determined through various studies that a gross multiplier of fifty was a reasonable multiplier to use in arriving at a valuation of equipment of the type in question; that the formula he had used was one adopted by a committee of the International Association of Assessing Officers and that such was contained in two books printed and distributed to its members by said association; that he applied that formula in the valuation of all leased office machine equipment in the city where the sale price thereof was not available.

The findings of fact and conclusions of law of the Commission are, in part, as follows:

"That the return as filed by appellant showed a total assessed valuation of $26,113,794.72 . . .

That the value of the rental equipment was determined by multiplying the monthly rental of said rental equipment ($1,916,175.00) by forty and dividing this product by three.

That in using this formula to value rental property, the appellant relied upon a letter dated January 5, 1971 (IBM's Exhibit 2), sent by the State Tax Commission of Missouri to all assessors . . .

That notwithstanding this formula, the respondent increased the assessment on rental equipment by using the formula of fifty times the monthly rental divided by three.

\*   \*   \*   \*   \*   \*

That the valuation of appellant's tangible personal property should be $26,113,800.00 because the proper method for valuing the rental equipment is forty times the monthly rental divided by three instead of fifty times the monthly rental divided by three.

That valuing the rental equipment at forty times the monthly rental divided by three is its true value as established by the uniform practice in Missouri . . .

. . . [T]hat the Board of Equalization was incorrect in affirming the assessment made. This Commission has power under Section 138.430, RSMo. 1969 [V.A.M.S.] to correct any assessment which is shown to be unlawful, unfair, arbitrary or capricious."

The City and the Assessor duly filed a petition for review of the decision of the Commission in the circuit court and that court affirmed the decision of the Commission. As indicated, the City and the Assessor have appealed to this court.

"In our review of the orders of the State Tax Commission we agree that there 'is no such thing in assessments as an absolute "true value," and an assessment is, at best, a mere estimate.' Cupples Hesse

Corp. v. State Tax Commission, Mo.Sup., 329 S.W.2d 696, 700. We also have in mind that we are not permitted to substitute our discretion for discretion legally vested in the Commission and should not set aside its findings unless such are 'unsupported by competent and substantial evidence upon the whole record'; or are 'for any other reason, unauthorized by law'; or are 'arbitrary, capricious or unreasonable'; or that they involve 'an abuse of discretion.'" Stein v. State Tax Commission, 379 S.W.2d 495, 498 (Mo.1964).

"In determining the questions before us we must follow the above principles and heed 'the principle that the record be viewed in the light most favorable to the finding [and decision] of the Commission, and consider the favorable inferences which the Commission had the right to draw from the evidence before it, * * *.'" St. Louis County v. State Tax Commission, 406 S.W.2d 644, 649 (Mo. 1966).

■ The first contention briefed by the appellants is that the trial court "erred in affirming the decision of the State Tax Commission which reduced the assessment of the Respondent International Business Machines Corporation in that the Commission exceeded its authority and jurisdiction in considering and applying principles of intercounty equalization in deciding an individual taxpayer's appeal from an assessment made by the local Board of Equalization, whose duty by law is solely one of achieving intracounty equalization." In our consideration of that point there are certain constitutional and statutory provisions that should be taken into account. Art. X, Sec. 14, Mo.Const., provides that "The general assembly shall establish a commission, to be appointed by the governor by and with the advice and consent of the senate, to equalize assessments as between counties and, under such rules as may be prescribed by law, to hear appeals from local boards in individual cases and, upon such appeal, to correct any assessment which is shown to be unlawful, un-

fair, arbitrary or capricious. Such commission shall perform all other duties prescribed by law." It will be noted that that section provides for intercounty equalization and for the Commission to also hear appeals in individual cases. There is no contention that the letter of the Commission prescribing the formula under consideration was an effort to exercise intercounty equalization. This appeal, therefore, must be considered under the "individual cases" portion of the constitutional provision which was implemented by enactment of Section 138.430(2) which contains the following: "Every owner of real property or tangible personal property and every merchant and manufacturer shall have the right of appeal from the local boards of equalization under rules prescribed by the state tax commission. Said commission shall investigate all such appeals and shall correct any assessment which is shown to be unlawful, unfair, improper, arbitrary or capricious." Section 138.380 provides that "It shall be the duty of the state tax commission, and the commissioners shall have authority to perform all duties enumerated in this section and such other duties as may be provided by law: (1) To raise or lower the assessed valuation of any real or tangible personal property, including the power to raise or lower the assessed valuation of the real or tangible personal property of any individual, copartnership, company, association or corporation; . . ."

The procedure for intercounty equalization by the Commission is set out in Sections 138.390 and 138.400. As indicated, all of the parties agree that the commissioner's letter of January 5, 1971, did not constitute an intercounty equalization order. As stated, however, appellants contend that the commission applied intercounty equalization principles in arriving at its decision and that such was error because those principles cannot be applied in deciding the appeal of an individual taxpayer. We do not agree. While the fact that IBM offered evidence to the effect that the assessors in 70 counties and in certain cities accepted the Commission formula would tend

to indicate that it was complaining of intercounty discrimination, we think the evidence was relevant and admissible on another theory. It is our view that evidence showing the wide acceptance of the formula recommended by the Commission would tend to prove that the formula is sound and constitutes a proper method for determining true value. Moreover, we think it is apparent from our review of the proceedings that the Commission was seeking to determine the true value of this particular equipment. It is also understandable that the Commission would give considerable weight to the formula it had adopted for use in reaching that result.

Appellants place primary reliance in support of their contention upon Foster Bros. Mfg. Co. v. State Tax Commission of Mo., 319 S.W.2d 590 (Mo.1958), but we think that case is clearly distinguishable. Foster involved an appeal which sought a reduction in the valuation of two tracts of land. The sole contention of the taxpayer was that the valuation was excessive because all real estate in St. Louis was assessed at a higher percentage of true value than was real estate in the other counties of the state. The taxpayer admitted that the tracts were not assessed at more than their true value. We held that the complaint related to intercounty equalization and afforded no basis for relief in an appeal seeking a reduction in the valuation of a specific tract. However, we clearly recognized that the Board (and the Commission on appeal) had the power to correct assessments and in so doing could reduce the assessment of specific property that is assessed at more than true value and increase the assessment of that which is below such value.

■ The remaining point briefed by appellants is that "The trial court erred in affirming the decision of the State Tax Commission as the decision is unsupported by competent and substantial evidence upon the record as a whole in that there was no evidence of any discrimination in the assessment of the Taxpayer's leased personal property." In our consideration of this point we note that appellants contend that there was no probative evidence before the Commission to support a finding that the formula used by IBM would result in a finding of true value and respondents contend that the evidence would not support a finding that the Assessor's formula would produce a true value assessment. We do not agree with either. For reasons hereinafter set out it is our view that the evidence would have supported a finding that either formula was proper and would result in a finding of true value and that it was the duty of the Commission to decide the fact issue as to the appropriate method.

Appellants appear to take the position that it was essential that IBM show discrimination in order to prevail on its appeal to the Commission. While some of the cases such as Cupples Hesse Corporation v. State Tax Commission, supra, discuss the rule relating to discrimination we do not believe such is the only basis which will support relief. The decision in Koplar v. State Tax Commission, 321 S.W.2d 686 (Mo.1959) is based upon a clear showing of discrimination within a class and the assessment was properly rejected. If we assume that all rental equipment in St. Louis is grossly overvalued surely it may not be said that each owner of such equipment must be denied relief because all in that group are unfairly and improperly assessed. We hold that while discrimination is an appropriate ground for relief from an improper assessment it is not the only basis for relief.

■ There is nothing unusual in the use of formulas in the St. Louis area in arriving at a valuation. For example, formulas were used by the Assessor in the cases of St. Louis County v. State Tax Commission, supra, and Foster Bros. Mfg. Co. v. State Tax Commission of Mo., supra. In the case at bar we have a situation where the only evidence admitted related to two different formulas and it was the task of the Commission to decide which would result in ascertaining true value.

Appellants say that the formula used by IBM is not substantial evidence because there was no showing of the basis used by the Commission in adopting it. We do not agree. The Commission undoubtedly adopted that formula in compliance with its statutory mandate to exercise general supervision over assessing officers and to specifically investigate companies which lease tangible personal property in order to cause such to be properly taxed. In that situation it would be presumed that the Commission performed its statutory duties and made an appropriate investigation and based the formula adopted upon facts obtained thereby. As indicated, we have concluded that such formula considered with the fact that it has been widely accepted by assessing officers constitutes substantial evidence to support the findings of the Commission. We do not mean to say, however, that a formula adopted by the Commission is impervious to attack. It would appear that on a hearing before the Board or Commission relevant evidence should be considered which would tend to show that the formula produced an assessment which was either more or less than true value. Appellants presented evidence concerning the basis for adoption of their formula and we consider such to be substantial evidence. The Commission, however, as the fact finder, determined that the formula used by the Assessor resulted in a valuation which was not the true value but was unlawful, unfair, arbitrary or capricious. We cannot say that such a finding was an abuse of discretion or unsupported by competent and substantial evidence. The decision certainly may not be said to be "clearly contrary to the overwhelming weight of the evidence". Wood v. Wagner Electric Corporation, 355 Mo. 670, 197 S.W.2d 647, 649 (1946).

Appellants have also stressed the unquestioned rule that there is a presumption of validity which attaches to the action of the Assessor and the Board. However, in this case, as we have indicated, the same presumption would apply to the action of the Commission in the adoption of its formula and this presumption would counteract any weight that might be given to the presumption relating to action by the Assessor and Board.

For the reasons indicated, the judgment is affirmed.

BARDGETT, P. J., and DONNELLY, C. J., concur.

SEILER, J., not sitting.