**ARMSTRONG-TROTWOOD, LLC, Armstrong-Brittany, LLC, Armstrong-Arbor Village, LLC, Robert S. Rothschild, Jr., Susan H. Rothschild, Geiger Real Estate, Inc., and Josh & Elaine, LLC, Appellants,**

v.

**STATE TAX COMMISSION of Missouri, Bruce E. Davis, Randy B. Holman, Victor Callahan, St. Louis County, and Jake Zimmerman, Respondents.**

No. SC 96126

Supreme Court of Missouri, en banc.

Opinion issued May 16, 2017

The landowners were represented by Bruce A. Morrison of The Morrison Law Firm in St. Louis, (314) 231-4181.

The commission was represented by Emily A. Dodge of the attorney general's office in Jefferson City, (573) 751-3321; and

St. Louis County and its assessor were represented by Edward W. Corrigan of the St. Louis County counselor's office in Clayton, (314) 615-7042.

Mary R. Russell, Judge

Appellants (Landowners) are taxpayers that own residential property located entirely in St. Louis County. They claim their property assessments are discriminatory and non-uniform in violation of article X, section 3 of the Missouri Constitution. In support of their claim, Landowners argue Jefferson and Franklin counties systematically undervalued property in those counties, allegedly causing Landowners to bear a "disproportionate share of the cost of operating" multi-county taxing districts. Landowners concede, however, their property valuations were accurate and uniform within St. Louis County. This Court affirms the dismissal of Landowners' administrative claims for review and their claim for declaratory relief.

## Factual Background

Landowners pay taxes on residential property located entirely in St. Louis County. Their properties also fall within several multi-county taxing jurisdictions that levy tax rates on properties in St. Louis, Jefferson, and Franklin Counties.[1]

Landowners appealed their 2011-12 property tax assessments to the St. Louis County Board of Equalization (County Board) claiming their assessments were discriminatory. Although Landowners conceded the property valuations were accurate and uniform within St. Louis County,

they claimed the assessments were discriminatory because properties situated in Jefferson and Franklin Counties were allegedly systematically undervalued, causing Landowners to bear a "disproportionate share of the cost of operating" the multi-county taxing districts.

The County Board upheld the assessments, and Landowners appealed their assessments to the State Tax Commission (Commission). The hearing officer dismissed the appeals. After reviewing the hearing officer's decision, the Commission affirmed the dismissal of Landowners' claims, reasoning that its authority is derivative of the County Board, which did not have authority over inter-county claims.

Landowners filed a petition in the Circuit Court of St. Louis County seeking review of a contested case pursuant to section 536.100, RSMo Supp. 2013,[2] or, alternatively, of a non-contested case pursuant to section 536.150, RSMo 2000. The petition also sought a declaratory judgment that Landowners' assessments were discriminatory and that the Commission failed to carry out its duty to equalize property assessments as between counties.[3] See Mo. Const. art. X, sec. 14. The circuit court dismissed the petition with prejudice for failing to state a claim upon which relief can be granted.

Landowners appealed and, after opinion, the court of appeals transferred the case to this Court pursuant to article V, sections 10 and 11 of the Missouri Constitu-

---

1. The multi-county taxing districts include St. Louis Community College District, Special School District of St. Louis County, Rockwood School District, and the Eureka Fire Protection District.

2. Unless otherwise indicated, all other statutory references are to RSMo Supp. 2013.

3. The petition additionally sought a writ of mandamus and a writ of certiorari. Landowners do not appeal the dismissal of those claims.

tion,[4] concluding the appeal presents matters of general interest and importance and raises issues within this Court's exclusive appellate jurisdiction. *See* Mo. CONST. art. V, sec. 3.

## Analysis

### I. This Court Does Not Have Exclusive Appellate Jurisdiction of This Case

The court of appeals transferred this case after concluding it lacked jurisdiction to decide the merits. It reasoned that the case involved the construction of revenue laws of the state, including: (1) article X, section 3 of the Missouri Constitution, which provides that taxes "shall be uniform upon the same class or subclass of subjects within the territorial limits of the authority levying the tax"; (2) article X, section 14, which establishes the Commission "to equalize assessments as between counties" and "to hear appeals from local boards"; and (3) certain statutes in Chapter 138 of the Missouri Revised Statutes outlining the duties and authority of the Commission.

■ This Court, it is true, has exclusive jurisdiction of questions regarding the construction of revenue laws of the state. Mo. CONST. art. V, sec. 3. And although construction of the provisions at issue here presents important matters with statewide ramifications, none of the provisions is a "revenue law of this state" as this Court has interpreted that phrase.

■ A case involves the "construction of the revenue laws of this state" if it satisfies three separate elements: "(1) construction (2) of revenue laws (3) of this state." *Alumax Foils, Inc. v. City of St. Louis*, 939 S.W.2d 907, 910 (Mo. banc 1997). A "revenue law" is one that imposes, amends, or abolishes a tax or fee. *Id.* In other words, the law must "directly create[ ] or alter[ ] an income stream to the government." *Id.* Article X, section 3 imposes limitations and restrictions on how taxes may be levied by political subdivisions of the state. Article X, section 14 provides for the creation of the Commission and specifies its general powers and duties. Provisions in Chapter 138 provide the framework for the creation of the Commission and specifically define its duties. But the constitutional and statutory provisions at issue here do not impose, amend, or abolish a tax or fee.

■ Moreover, this case does not concern revenue laws "of this state." In *Alumax Foils*, this Court held that its exclusive appellate jurisdiction extends only to the construction of laws affecting taxes deposited to the state treasury. *Id.* "A law that raises revenue only within a single political subdivision for the benefit of that political subdivision . . . is not a revenue law 'of the state.' " *Id.* at 911. None of the taxes at issue here are paid to the state treasury, but, instead, are paid to a multi-county taxing district.

■ As this case does not involve the construction of revenue laws of the state, it does not come within the exclusive appellate jurisdiction of this Court. However, this Court can take transfer of a case before its disposition by the court of appeals if it presents a question of general interest or importance. *See Breitenfeld v.*

---

4. Article V, section 10 gives the court of appeals authority to transfer a case to this Court after opinion by an order of the "majority of the judges of the participating district of the court of appeals" because the case presents a question of general interest and importance. Article V, section 11 provides that an appellate court without jurisdiction of a case shall transfer the case to the appellate court with such jurisdiction rather than dismissing the appeal.

*Sch. Dist. of Clayton*, 399 S.W.3d 816, 820 n.3 (Mo. banc 2013). This case presents important questions regarding the application of article X, sections 3 and 14 to claims of a lack of uniformity of tax assessments among counties in a multi-county taxing district. Accordingly, this Court transfers this case on its own motion under Missouri Constitution article V, section 10. *See id.*

## II. Standard of Review

■■■ With regard to Landowners' claims for judicial review of the Commission's dismissal of their claims, this Court reviews the Commission's decision, not the judgment of the circuit court. *Bateman v. Rinehart*, 391 S.W.3d 441, 444 (Mo. banc 2013). This Court must decide whether the Commission's decision: (1) violates constitutional provisions; (2) exceeds its statutory authority or jurisdiction; (3) is not supported by competent and substantial evidence on the whole record; (4) is unauthorized by law for any other reason; (5) was rendered by means of unlawful procedures or without a fair trial; (6) is arbitrary, capricious, or unreasonable; or (7) constitutes an abuse of discretion. *Id.* at 444-45. While the Court defers to the Commission's judgment regarding factual matters, it reviews *de novo* matters of statutory or constitutional interpretation. *Id.* at 445.

■■■ Landowners also appeal the circuit court's dismissal of their claim for declaratory judgment. This Court reviews *de novo* the grant of a motion to dismiss for failure to state a claim and determines whether the facts alleged in the petition meet the elements of a recognized cause of action. *Anderson v. Union Elec. Co.*, 463 S.W.3d 783, 786 (Mo. banc 2015). The judgment of the circuit court will be affirmed if the dismissal is justified on any ground alleged in the motion. *Id.*

## III. The Commission and the Circuit Court Correctly Dismissed Landowners' Claims

### A. Landowners' claim of a lack of uniformity in tax assessments across counties fails to state a claim upon which relief can be granted

Landowners argue the Commission and the circuit court erred in dismissing their claims because systematic undervaluation of properties in Jefferson and Franklin Counties results in an unconstitutional and discriminatory lack of uniformity in the multi-county taxing districts that levy taxes on Landowners' properties. Because this argument is at the heart of each of Landowners' points on appeal, this Court will address all of Landowners' points together.

The uniformity clause of article X, section 3 of the Missouri Constitution provides that taxes shall be "uniform upon the same class or subclass of subjects within the territorial limits of the authority levying the tax." Landowners contend the relevant "authorit[ies] levying the tax[es]" for purposes of the uniformity clause in this case are the multi-county taxing districts. Landowners claim that because other counties in the taxing districts allegedly undervalue properties, St. Louis County should lower its admittedly accurate assessments of Landowners' properties for purposes of taxes imposed by the multi-county taxing districts. According to Landowners, this reduction is needed to rectify what they call a non-uniform and discriminatory taxing scheme that imposes a disproportionate and unfair burden on their properties.

The requirements of the uniformity clause are met when taxes are: (1) "uniform;" (2) "upon the same class or subclass of subjects;" (3) "within the territorial lim-

its;" (4) "of the authority levying the tax." Mo. Const. art. X, sec. 3. Article X, section 3 also provides in a separate sentence that "the methods of determining the value of property for taxation shall be fixed by law."

The words of a constitutional provision must be interpreted to give effect to their plain and ordinary meaning. *Wright-Jones v. Nasheed*, 368 S.W.3d 157, 159 (Mo. banc 2012). The plain language of article X, section 3 requires "[t]axes" to be uniform upon the same class or subclass of property within the territorial limits of the authority. The term "taxes" in this provision of section 3 is not further defined or clarified, but it undoubtedly refers to tax *rate*. After all, taxes—as we generically refer to them—are calculated based upon the tax rate and the assessed value of the property. *See Beatty v. State Tax Comm'n*, 912 S.W.2d 492, 496-97 (Mo. banc 1995) (generally describing the process by which real property is assessed by the county assessor and taxes are levied). And while tax rates are susceptible to uniformity within a class of property such as the residential property in this case, property values are not. *See generally Rice v. Griffith*, 349 Mo. 373, 161 S.W.2d 220, 225 (Mo. 1942) (explaining that a purchaser may have specific performance of a contract to convey land because "[a] specific tract of land . . . is regarded as unique and impossible of duplication . . . having a peculiar value") (internal quotations omitted). The uniformity clause in section 3, therefore, does not apply to valuations, nor does it impose any obligations or limitations on authorities responsible for valuing or assessing property. Instead, section 3 specifically addresses value in a later provision and authorizes laws to prescribe "the *methods* of determining the value of property for taxation." Mo. Const. art. X, sec. 3 (emphasis added).

There is no dispute that each multi-county taxing district at issue here levies a tax rate that is uniformly applied to the same class or subclass of property within the territorial limits of the taxing authority. Landowners do not claim otherwise. The essence of Landowners' claim is that, because of the alleged systematic undervaluation of properties in Jefferson and Franklin Counties, Landowners are forced to bear a "disproportionate share of the cost of operating" the multi-county taxing districts, resulting in a violation of the uniformity clause. Because the uniformity clause does not pertain to the valuation of property, this valuation-based argument does not state a claim for relief under the uniformity clause of article X, section 3.

To support the validity of their uniformity clause claim, Landowners rely on *Savage v. State Tax Comm'n of Mo.*, 722 S.W.2d 72, 78 (Mo. banc 1986). In *Savage*, landowners presented evidence that Greene County assessed their property at 33 percent of its true value while the average assessment rate for property *in the county* was approximately 20 percent of true value. *Id.* at 74. The landowners claimed the disparity in assessment rates violated the uniformity clause of article X, section 3 of the Missouri Constitution and the equal protection clause of the United States Constitution. *Id.*

After determining that ratio studies conducted by the Commission were competent and substantial evidence supporting the landowners' claim, this Court considered the legal grounds upon which the Commission may order an adjustment to a property assessment. *Id.* at 78. The Commission is required to "correct any assessment which is shown to be unlawful, unfair, improper, arbitrary or capricious." *Id.* (quoting sec. 138.430). The Court held that, to correct an assessment due to discrimination, there must be proof the assessor

engaged in "an intentional plan of discrimination" or generally overvalued the subject property or undervalued other property to such a gross extent "as to be entirely inconsistent with an honest exercise of judgment." *Id.* The Court ultimately concluded, "The Commission was amply justified in determining that the difference between the average assessment level for the county and the assessment level of respondents' properties is unconstitutionally discriminatory." *Id.* at 79.

*Savage* does not hold explicitly that a uniformity clause violation can be based on a discriminatory property valuation or assessment. Although *Savage* mentions both the Fourteenth Amendment and the uniformity clause, its conclusion that the landowners' property assessment was so grossly excessive as to be "unconstitutionally discriminatory" demonstrates the true nature of the Court's analysis was one of equal protection.[5] And *Savage*, which considered a claim of assessment discrimination *within* a county, certainly does not suggest that the uniformity clause applies to variances in assessments *between* two or more counties. Indeed, Landowners fail to explain how they could show an "intentional plan of discrimination" or a gross variance "entirely inconsistent with an honest exercise of judgment" when multiple independent county assessors are responsible for making the complained-of valuations. *See id.* at 78.

Landowners fail to assert a violation of the uniformity clause in article X, section 3 of the Missouri Constitution.

**B. The Commission lacked jurisdiction to hear Landowner's claims of inter-county discrimination on appeal from the County Board**

 Further underscoring the untenable nature of Landowners' claims, St. Louis County has no authority or control over the assessment of property in Jefferson and Franklin Counties, a fact the County Board and the Commission recognized in correctly dismissing Landowners' claims. These administrative bodies "have only such powers and jurisdiction as is specified in the applicable statutes." *Foster Bros. Mfg. Co. v. State Tax Comm'n of Mo.*, 319 S.W.2d 590, 594 (Mo. 1958). A county board has authority to "hear complaints and equalize the valuation and assessments upon all real and tangible personal property taxable *by the county* so that all the property shall be entered on the tax book at its true value." Sec. 138.030.2, RSMo 2000 (emphasis added). As courts of this state have consistently recognized, county boards have neither the power nor the duty to conduct inter-county equalization. *Foster Bros. Mfg. Co.*, 319 S.W.2d at 594-95; *see also Westwood P'ship v. Gogarty*, 103 S.W.3d 152, 160 (Mo. App. 2003). The Commission similarly lacked authority over Landowners' claims because "its jurisdiction is derivative" of the County Board when the Commission reviews appeals from the County Board. *Foster Bros. Mfg. Co.*, 319 S.W.3d at 595; *Westwood P'ship*, 103 S.W.3d at 160. "In other words, the [County Board] deals with intra-county equalization, and the Commission, in hearing an appeal from a

---

**5.** Additionally, *Savage* cites *Koplar v. State Tax Comm'n*, 321 S.W.2d 686, 695 (Mo. 1959), when discussing the "constitutional requirement of uniformity." *Savage*, 722 S.W.2d at 78. *Koplar* neither cites nor discusses article X, section 3, but instead, found the challenged assessment was "shown to be unlawful, unfair, improper, arbitrary or capricious" under section 138.430 based on testimony of "intentional discrimination." *Id.* at 693-95. *Savage's* reliance on *Koplar*, which did not analyze the uniformity clause in considering an allegation of a discriminatory assessment, further demonstrates the uniformity clause was not necessary to the Court's holding in *Savage*.

ruling of the Board, is limited to considering issues of intra-county equalization." *Westwood P'ship*, 103 S.W.3d at 160.

Yet Landowners argue the Commission could have, and, in fact, had a duty to perform inter-county equalization in reviewing their appeal from the County Board. They base this claim on article X, section 14 of the Missouri Constitution, which authorizes the creation of the Commission and charges it with equalizing assessments as between the counties of the state. Chapter 138 of the Missouri Revised Statutes further elucidates those duties and describes the process the Commission must perform for intercounty equalization. *See, e.g.*, secs. 138.380-.390. Landowners claim the Commission was required to perform inter-county equalization across the several counties included in the multi-county taxing districts to correct the allegedly discriminatory and non-uniform taxing schemes.

The provisions of article X, section 3, and those of article X, section 14, are separate and distinct. Article X, section 3 imposes obligations and limitations on any "authority levying [a] tax." Article X, section 14, and statutes passed pursuant thereto, create the Commission and provide a framework by which it is required to conduct *intercounty* equalization. The provisions regulate entirely different realms of governmental conduct. They cannot be read together to expand the authority of the Commission when it hears appeals from county boards, nor can the constitutional provisions be fused together to create a cause of action against a county or the Commission.

Further, this Court has long held the Commission's "annual order of inter-county equalization is not subject to collateral attack and is not subject to review in a landowner's appeal from a specific valuation such as is involved in the instant

case." *Foster Bros. Mfg. Co.*, 319 S.W.2d at 595. Such orders affect "counties and classes of taxpayers," not the "individual rights and interests" of "specific parties," and, consequently, are not subject to review in either a contested or non-contested case before the Commission on appeal from a county board's decision. *May Dep't Stores Co. v. State Tax Comm'n*, 308 S.W.2d 748, 756 (Mo. 1958).

Landowners' petition fails to state a claim of non-uniform or discriminatory taxation upon which relief can be granted.

### Conclusion

The Commission's order and the circuit court's judgment are affirmed.

Breckenridge, C.J., Fischer, Stith, Draper and Wilson, JJ., concur.

Powell, J., not participating.