**Kathryn REID, Appellant,**

v.

**Dr. Randy JOHNSON and Cardiology and Critical Care, Inc., Respondents.**

**No. 62883.**

Missouri Court of Appeals, Eastern District, Division Seven.

April 20, 1993.

---

Fredman, Fredman & Becker, P.C., Howard B. Becker, St. Louis, for appellant.

Lewis, Rice & Fingersh, Curtis C. Calloway and Eric D. Paulsrud, St. Louis, for respondents.

KAROHL, Chief Judge.

Plaintiff, Kathryn Reid, appeals after summary judgment in favor of defendants Dr. Randy Johnson and Cardiology and Critical Care, Inc., Dr. Johnson's corporation. The petition alleged Reid was a patient abandoned by defendants. We affirm.

Reid began treatment with defendants for heart problems in 1989. Dr. Johnson assigned one of his associates, Dr. Ballesteros, to care for Reid. In August 1989, defendants informed Reid a scheduled appointment with Dr. Ballesteros was canceled. Dr. Johnson had refused to give Dr. Ballesteros a one third interest in the practice. Dr. Ballesteros, therefore, formed his own practice with another doctor. Thereafter, Dr. Ballesteros was prohibited from treating Reid due to a temporary restraining order issued in a suit to enforce a non-compete agreement between Dr. Johnson and Dr. Ballesteros.

Eventually, Reid tried to intervene in the non-compete lawsuit or to obtain relief from the effect of the injunction. The court agreed to allow Dr. Ballesteros to treat Reid but he could not do so at any hospital listed in the non-compete agreement. Reid wished to be treated at St. Anthony's Hospital which was a prohibited hospital.

Reid instituted this action alleging abandonment by defendants. The court dismissed four counts based on other theories. It required a more definite statement of the allegations on the abandonment cause of action. Defendants filed for and were granted summary judgment on plaintiff's amended petition.

In her first point, Reid claims the court erred in granting summary judgment based on a finding of no duty in that such finding prevented her from being treated by a physician of her choice. She argues defendants had a duty to see that she was given adequate care. To support this allegation, Reid cites *Bateman v. Rosenberg*, 525 S.W.2d 753 (Mo.App.1975). Her reliance is misplaced. That case involved a treating physician practicing medicine in a manner that constituted abandonment. Those facts are not present here.

Abandonment has been defined as the termination of the professional relationship between the physician and patient at an unreasonable time or without affording the patient the opportunity to procure an equally qualified replacement. *Miller v.*

*Greater Southeast Community Hospital,* 508 A.2d 927, 929 (D.C.Ct.App.1986). There can be no abandonment when the patient has voluntarily chosen not to return to her doctor. *Knapp v. Eppright,* 783 S.W.2d 293, 295 (Tex.Ct.App.1989); *see Bateman v. Rosenberg,* 525 S.W.2d 753, 756 (Mo.App.1975).

■ Dr. Johnson was always willing to treat Reid. Additionally, Reid never alleged Dr. Johnson is less qualified to treat her or that he was not willing and able to treat her. She chose to reject Dr. Johnson and follow Dr. Ballesteros. Because she voluntarily chose to use another doctor, the law does not impose a duty on Dr. Johnson to find replacement care. Therefore, summary judgment was proper.

■ Point two is an allegation that summary judgment was improper because genuine issues of material fact still exist. Defendants respond by stating Reid cannot rely on unproven allegations contained in her petition and no competent proof of summary judgment facts were offered. She filed an affidavit of Dr. Ballesteros. However, the affidavit did not state facts, it merely expressed the opinion defendants did not exercise reasonable care and such action caused Reid damages. The proper function of an affidavit is to state facts, not conclusions. *Bakewell v. Missouri State Employees' Retirement System,* 668 S.W.2d 224, 227 (Mo.App.1984). The affidavit, being conclusory, does not maintain a fact dispute for a jury. Moreover, in the absence of a legal duty there are no material issues of fact. There is no dispute that Dr. Johnson was willing and equally or better able to treat plaintiff. Since no issue of fact regarding an essential element of the claim of abandonment, summary judgment was proper as a matter of law.

Judgment affirmed.

PUDLOWSKI and CRANDALL, JJ., concur.