WHELAN SECURITY COMPANY, INC., Plaintiff/Appellant,

v.

R. Andrew ALLEN, Defendant/Respondent.

No. ED 77525.

Missouri Court of Appeals, Eastern District, Division Two.

June 20, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 3, 2000.

Application for Transfer Denied Oct. 3, 2000.

Mark W. Weisman, Craig J. Hoefer, Gallop, Johnson & Neuman, L.C., St. Louis, for appellant.

Gerard F. Hempstead, Paul E. Petruska, Brasher Law Firm, L.C., St. Louis, for respondent.

CRANE, Presiding Judge.

Plaintiff filed a petition to enforce a non-solicitation and non-competition agreement against a Texas defendant in the Circuit Court of St. Louis County pursuant to a forum selection clause contained in the agreement. The court ordered plaintiff's cause dismissed without prejudice on the grounds that "to enforce the forum selection clause would be 'unjust' consistent with *High Life Sales v. Brown–Forman*, 823 S.W.2d 493 (Mo. banc 1992)." Plaintiff appeals. We reverse and remand for the reason that defendant did not adduce sufficient evidence to support a finding that the inbound forum selection clause in the agreement was "unfair" or "unreasonable."

As alleged in the petition, plaintiff, Whelan Security Company, Inc., is a Missouri corporation engaged in the business of providing guard and security services to businesses and other entities. It maintains its corporate headquarters in St. Louis County, Missouri and has branch offices at various locations, including Dallas and Houston, Texas. Defendant, Richard Andrew Allen, began working for plaintiff in its Texas office in January, 1996 and worked in various capacities in various locations including Dallas and Houston, Texas and Louisiana until he voluntarily resigned in February, 1999. Immediately prior to his resignation, defendant was regional manager for plaintiff at its Dallas, Texas branch office.

In November, 1997 defendant signed an Employee Confidential Information and Non–Solicitation/Non–Competition Agreement (the agreement) which contained a forum selection clause designated "Consent to Jurisdiction." It provided that any litigation arising under or relating to the agreement shall be subject to the jurisdiction and venue of any state or federal court located in the State of Missouri as plaintiff shall designate, and, in the absence of such designation, the situs for jurisdiction and venue shall be any state court located in St. Louis County or in the federal court of the Eastern District of Missouri. The clause also provided that the employee waived any right to contest the jurisdiction and venue of those courts.

■ Defendant filed a "Motion to Dismiss Plaintiff's Petition for Lack of Personal Jurisdiction or in the Alternative to Dismiss for Improper Venue or in the Alternative to Transfer to Texas Pursuant to Rule 55.27 of the Missouri Rules of Civil Procedure," and his affidavit in support of the motion. In his affidavit, defendant averred:

1. My name is R. Andrew Allen. I am a resident of the State of Texas.

2. I have never resided in the State of Missouri.

3. I did sign the document designated as Employee Confidential Information and Solicitation Agreement in 1996.

4. I was told by my employer to sign a second Employee Confidential Information and Solicitation Agreement in 1997, or else I would be let go.

5. Both Agreements are essentially the same except the second requires me to consent to jurisdiction in Missouri and venue in St. Louis County.

6. I did not receive any additional consideration from Whelan Security Company at the time I was told by my employers to sign the second Agreement.

7. I do not own any property in Missouri.

Plaintiff filed the affidavit of its executive vice president, Gregory Twardowski, in opposition to the motion to dismiss. In his affidavit Twardowski averred that he had signed the agreement on plaintiff's behalf and specifically referred to the forum selection clause. He further averred:

9. During his employment with Whelan, Mr. Allen never indicated to me the thought that the Agreement was unreasonable, unjust, over-reaching or adhesive, or that he had entered into the Agreement under duress. Following his execution of that Agreement, Mr. Allen continued to remain employed by and derive a salary and commissions from Whelan until he voluntarily resigned his employment over a year later on February 25, 1999.

He attached a copy of the agreement, which had also been attached to the petition, to his affidavit. No other evidence was adduced on the motion. After hearing argument on the motion, the trial court dismissed the cause without prejudice. Plaintiff appeals from this order. Because the trial court's dismissal of the cause without prejudice had the practical effect of terminating the litigation in the plaintiff's chosen forum, it is appealable. *Chromalloy American Corp. v. Elyria Foundry Co.*, 955 S.W.2d 1, 3 (Mo. banc 1997).

For its sole point plaintiff asserts that the trial court erred in refusing to enforce the forum selection clause and in dismissing the cause. It argues that defendant failed to adduce sufficient evidence to demonstrate that enforcement of the forum selection clause would be unfair or unreasonable. Defendant responds that the forum selection clause was unjust and unenforceable because it was not freely negotiated and thus did not satisfy due process and was unreasonable under the facts of the case because he would have to bring himself and Texas witnesses to Missouri. Defendant also argues that plaintiff failed to satisfy the minimum contacts requirements of long arm jurisdiction.

When a defendant raises the issue of personal jurisdiction, the burden shifts to the plaintiff to make a prima facie showing of jurisdiction. *Conway v. Royalite Plastics*, 12 S.W.3d 314, 318 (Mo. banc 2000). Although it is generally necessary to satisfy the Missouri long-arm statute to obtain in personam jurisdiction over a nonresident defendant pursuant to Section 506.500, jurisdiction over the person may be also obtained by consent or by waiver. *Chase Third Century Leasing Co. Inc. v. Williams*, 782 S.W.2d 408, 411 (Mo.App. 1989). Parties to a contract may agree in advance to submit to personal jurisdiction in a given court by means of a forum selection clause because personal jurisdiction is an individual right capable of being waived. *Id.* In this case plaintiff made a prima facie showing of jurisdiction by adducing evidence that the parties had signed the agreement containing a forum selection clause placing litigation in Missouri state or federal courts. Accordingly, plaintiff did not have to show minimum contacts.

After plaintiff made a prima facie case by means of the forum selection clause, the burden then shifted to defendant to demonstrate that enforcement of the clause would be unjust or unreasonable. *Id.* We enforce a forum selection clause unless the party seeking to avoid its application sustains a "heavy burden" to show that the clause is unfair or unreasonable. *State ex rel. Marlo v. Hess*, 669 S.W.2d 291, 293 (Mo.App.1984). The sufficiency of the evidence to make a showing that enforcement of the clause would be unfair or unreasonable is a question of law which we review independently on appeal. *See Stavrides v. Zerjav*, 848 S.W.2d 523, 527 (Mo.App.1993).

When a motion raising lack of personal jurisdiction is based on facts not appearing on the record, the trial court may hear it on affidavits presented by the

parties, or the court may direct that the matter be heard wholly or partly on oral testimony or deposition. *Conway,* 12 S.W.3d at 318; Rule 55.28. The proper function of an affidavit is to state facts, not conclusions. *Reid v. Johnson,* 851 S.W.2d 120, 122 (Mo.App.1993).

The forum selection clause containing the defendant's consent must comply with applicable due process standards. *Id.* Inbound forum selection clauses which designate Missouri or a particular court within the State of Missouri as the exclusive forum in which to bring actions are enforceable if the clauses are not unfair and are not unreasonable. *Id.; Marlo,* 669 S.W.2d at 294. *See also High Life,* 823 S.W.2d at 495. To be enforceable, the clause must have been obtained through freely negotiated agreements absent fraud and overreaching and its enforcement must not be unreasonable and unjust. *Chase Third Century,* 782 S.W.2d at 411.[1] The party resisting enforcement of the clause "bears a heavy burden in convincing the court that he should not be held to his bargain." *Id.*

The facts set out by defendant were insufficient as a matter of law to show that the forum selection clause was unfair or unreasonable. Defendant first contends that the forum selection ·clause was unfair because it was not freely negotiated in that it was adhesive. The only specific evidence defendant provided to the court to establish that the Agreement was not freely negotiated was the averment in his affidavit that he was told by his employer that, if he did not sign the Agreement containing the forum selection clause, he would be let go. As in *Chase Third Century* this averment does not include facts showing the overreaching or fraud necessary to avoid the forum selection

clause on the grounds of unfairness. *Id.* at 412. The fact that an employment contract is a prerequisite to employment does not force the employee to accept and execute it; the employee has the option of foregoing the employment if the terms of the agreement are not satisfactory. *Adrian N. Baker & Co. v. DeMartino,* 733 S.W.2d 14, 19 (Mo.App.1987); *USA Chem, Inc. v. Lewis,* 557 S.W.2d 15, 24 (Mo.App. 1977), the same rationale applies where the employment contract is a prerequisite to continued employment of· an employee at will since the employer has no obligation to continue the employment and the employee has no obligation to remain. · See *Reed, Roberts Associates, Inc. v. Bailenson,* 537 S.W.2d 238, 241 (Mo.App.1976). Defendant's remaining arguments supporting his claim that the contract was not freely negotiated are conclusory and are not supported by evidence in the record. Our Western District rejected similar arguments in *Chase Third Century,* 782 S.W.2d at 412.

Defendant next contends that enforcement of the clause is unreasonable because it would unfairly burden him. He argues that, to adequately defend this claim in Missouri, he would have to bring himself and other witnesses to Missouri and that would cause him great inconvenience and great expense. A forum selection clause may be unreasonable if it results in undue hardship, such as a necessity to travel or transport witnesses such a distance that expenses would render access to the courts impractical. *Marlo,* 669 S.W.2d at 294. Defendant made no showing in his affidavit to support his claim that trial in Missouri would be so. gravely difficult and burdensome that he would be deprived of his day in court. As in *Chase Third Century, supra,* defendant failed to supply to the tri-

---

1. In *High Life,* the Missouri Supreme Court extended these principles to outward bound forum selection clauses which Missouri courts had previously treated as per se violations of public policy. 823 S.W.2d at 496. However, in *High Life* the court refused to enforce the

outbound forum selection clause in a liquor distributorship agreement governed by Missouri statutes because it determined that it was unreasonable in light of a strong Missouri interest in construing and applying Missouri liquor control legislation in Missouri courts.

al court the names of the witnesses he would call, where they live and their significance to his defense. Rather, defendant argues on appeal that the fact that the petition alleges that out of state customers and employees were solicited leads to the inference that Texas witnesses would have to be brought to Missouri. This argument has no merit. First, because plaintiff would have the burden of proof at trial, plaintiff would be the more likely party to call as witnesses the persons it identified in its petition. Second, defendant made no showing of what its expenses to defend the case in Missouri would be or that these expenses would create an undue hardship.

The judgment of the trial court is reversed and the case is remanded.

ROBERT G. DOWD, Jr., J. and SHERRI B. SULLIVAN, J., concur.