108 S.W.3d 112 (2003)
STATE of Missouri, ex rel., J.C. PENNEY CORPORATION, Inc., Relator,
v.
The Honorable Mary Bruntrager SCHROEDER, Judge of the Circuit Court of St. Louis County, Missouri, Respondent.
No. ED 82795.
Missouri Court of Appeals, Eastern District, Writ Division Three.
June 10, 2003.
*113 Martin Green, Fernando Bermudez (co-counsel), Clayton, MO, Kristin Leigh Bohlken, (Co-counsel) Plano, TX, for relator.
Richard Dorsey, St. Charles, MO, for respondent.

OPINION
GLENN A. NORTON, Presiding Judge.
J.C. Penney Corporation, Inc. seeks a writ of mandamus to order the trial court to dismiss Next Day Motor Freight, Inc.'s breach of contract suit filed against J.C. Penney. We issued a preliminary order in mandamus, and the respondent answered. We dispense with further briefing as permitted by Rule 84.24(j). The preliminary order in mandamus is made absolute.

I. BACKGROUND
J.C. Penney and Next Day entered into a contract wherein Next Day would provide transportation and delivery services for J.C. Penney. After services under the contract were completed, Next Day filed a complaint against J.C. Penney, alleging that J.C. Penney owed Next Day $22,064.29. J.C. Penney then filed a motion to dismiss for improper venue citing a forum selection clause found in the contract. Paragraph twenty-four of the contract, which was presented to the trial court as an exhibit with J.C. Penney's motion to dismiss, provided:
This agreement is to be construed under and governed by the laws of the state of Texas, United States of America, regardless of conflict of laws provisions. The parties submit to the exclusive jurisdiction of and venue in the United States District Court for the Northern District of Texas (Dallas Division) or the District Court of Collin County, Texas. [Next Day] waives any objection it may have to either the jurisdiction of or venue in these courts.
The trial court denied J.C. Penney's motion to dismiss. J.C. Penney then filed a petition for a writ of mandamus, asking this Court to order the trial court to dismiss the underlying action.

II. DISCUSSION
An extraordinary writ is the proper method for attacking a dismissal or denial of a motion to dismiss for improper venue because they are not appealable orders. See State ex rel. Wilson v. Sanders, 745 S.W.2d 735, 735 (Mo.App. E.D.1987).
Once a party seeking to dismiss shows the existence of a forum selection clause, the burden then shifts to the non-moving party to demonstrate that enforcement of the clause would be unjust or unreasonable. Whelan Sec. Co., Inc. v. Allen, 26 S.W.3d 592, 595 (Mo.App. E.D. 2000). "We enforce a forum selection clause unless the party seeking to avoid its application sustains a `heavy burden' to *114 show that the clause is unfair or unreasonable." Id.
Here, J.C. Penney made a prima facie case by showing that the contract contained a forum selection clause requiring litigation to take place in Texas. The burden then shifted to Next Day to show that enforcement of the clause would be unjust or unreasonable. There is nothing in the record to demonstrate that Next Day met its burden. Next Day did not file affidavits, present witnesses, or present evidence to show that the forum clause was unfair or unreasonable. Next Day's only action was to orally argue to the trial court that the contract was a contract of adhesion and thus the forum selection clause was unfair. Because Next Day did not meet its "heavy burden" to show that the forum selection clause in the contract was unfair or unreasonable, the clause should be enforced.
The proper venue for the underlying action is Texas. Therefore, J.C. Penney's motion to dismiss for improper venue should have been granted by the trial court.

III. CONCLUSION
The petition for writ is granted. We make the preliminary order in mandamus absolute and direct the trial court to grant the motion to dismiss for improper venue.
MARY K. HOFF, J. and KATHIANNE KNAUP CRANE, J. concurring.