

# In the Missouri Court of Appeals
# Eastern District

| | | |
|---|---|---|
| GP&W INC., D/B/A CENTER MARKETING COMPANY, | ) ) ) | No. ED103729 & ED103902 |
| Respondent/Cross Appellant, | ) ) | Appeal from the Circuit Court of St. Louis County |
| vs. | ) ) | |
| DAIBES OIL, LLC, ET AL., | ) ) | Hon. Barbara W. Wallace |
| Appellants/Cross Respondents. | ) | FILED: September 6, 2016 |

## OPINION

Daibes Oil, LLC appeals the trial court's order granting summary judgment in favor of GP&W Inc., d/b/a Center Marketing Company (GP&W), as well as the trial court's denial of its Amended Motion to Dismiss for Lack of Personal Jurisdiction and Amended Motion to Transfer to the United States District Court for the Eastern District of Missouri. In its cross appeal, GP&W challenges the trial court's denial of attorney's fees and costs to GP&W as the prevailing party. We affirm in part and reverse in part.

## Background and Procedural History

This matter arises from a contract dispute between Daibes Oil[1] and GP&W. Daibes Oil is a limited liability company organized and operating under the laws of New

---

[1] A final judgment was entered as to Defendant Daibes Oil only. Individual Defendants Munir Daibes and Fred A. Daibes remain in the underlying litigation. Although the judgment as to Daibes Oil does not dispose of all claims and parties, the trial court may certify a judgment for appeal by expressly stating that

Jersey, and GP&W is a corporation organized and existing under the laws of Missouri. On or about January 6, 2014, GP&W and Daibes Oil entered into two Purchase Agreements (Agreements), whereby GP&W sold an aggregate total of 210,000 gallons of gasoline to Daibes Oil. The Agreements contained a choice of law and forum selection clause that provided:

**17. GOVERNING LAW. THIS AGREEMENT SHALL BE CONSTRUED IN ACCORDANCE WITH AND GOVERNED BY THE LAWS OF THE STATE OF MISSOURI (WITHOUT REFERENCE TO ANY CONFLICT OF LAW RULES), WITHOUT RECOURSE TO ARBITRATION. BOTH PARTIES CONSENT TO THE EXCLUSIVE JURISDICTION OF THE FEDERAL DISTRICT COURTS LOCATED WITHIN THE EASTERN DISTRICT OF MISSOURI OR THE COURTS OF THE STATE OF MISSOURI.**

The Agreements also contained the following provisions concerning attorney's fees:

**18. ATTORNEY'S FEES.** In the event of a dispute between the parties in connection with this Agreement, the prevailing party in the resolution of any such dispute, whether by litigation or other wise [sic], shall be entitled to full recovery of all attorney's fees (including a reasonable hourly fee for in-house legal counsel), costs and expenses incurred in connection therewith, including costs of court, from the non-prevailing party.

---

"there is no just reason for delay". Turner v. Healthcare Servs. Grp., Inc., 156 S.W.3d 431, 434 (Mo. App. E.D. 2005). Such language was present in the trial court's order as to Daibes Oil, thereby creating a final, appealable judgment appropriate for our review.

2

In the underlying action, GP&W alleges Daibes Oil failed to pay the purchase price of the gasoline, in violation of the Agreements.

In response to GP&W's First Amended Petition,[2] Daibes Oil filed an Amended Motion to Strike, or, in the Alternative, Motion to Dismiss for Lack of Personal Jurisdiction, Motion to Dismiss for Failure to State a Claim, and Motion to Transfer.[3] The trial court denied the motions. GP&W then filed a Motion for Summary Judgment, which the trial court granted.

GP&W requested attorney's fees and costs under the Agreements, which was denied by the trial court. On December 1, 2015, the trial court entered a final Revised Partial Judgment under Rule 74.01, and both parties appealed.

**Discussion**

Appellant Daibes Oil raises three points on appeal. In Point I, Daibes Oil argues the trial court erred when it granted GP&W's Motion for Summary Judgment because it did not have personal jurisdiction over Daibes Oil. In Points II and III, Daibes Oil contends the trial court erred when it denied its Amended Motion to Dismiss and Amended Motion to Transfer because the trial court did not have personal jurisdiction over Daibes Oil, and the proper forum for the litigation was the United States District Court for the Eastern District of Missouri.

Respondent GP&W argues in response that Daibes Oil executed two Agreements containing a forum selection clause, wherein Daibes Oil waived personal jurisdiction and

---

[2] For the purpose of expediency, we recount only the relevant portions of the lawsuit's lengthy procedural history.

[3] Appellant filed one pleading combining four motions titled "Defendants' Amended Motion to Strike, or, in the Alternative, Motion to Dismiss for Lack of Personal Jurisdiction, Motion to Dismiss for Failure to State a Claim, or Motion to Transfer." In this opinion, we will refer to each motion independently.

consented to the jurisdiction of the United States District Court for the Eastern District of Missouri or the state courts of the State of Missouri.

Respondent GP&W also filed a cross appeal challenging the trial court's denial of GP&W's request for attorney's fees and costs. It argues that in accordance with the Agreements executed by both parties, attorney's fees and costs should have been awarded to the prevailing party. We agree with GP&W on both the appeal and cross appeal. The trial court is affirmed in part and reversed in part.

*I.* *Forum Selection Clause and Personal Jurisdiction*

A forum selection clause in a contract designates the venue in which a cause of action is to be tried. Bouquette v. Suggs, 928 S.W.2d 412, 413 (Mo.App. E.D.1996). Missouri has long held that freely negotiated forum selection agreements are enforceable "so long as doing so is neither unfair nor unreasonable." High Life Sales Co. v. Brown-Forman Corp., 823 S.W.2d 493, 497 (Mo. banc 1992). The party resisting enforcement of the forum selection clause bears a heavy burden in convincing the court that he or she should not be held to the bargain because it is unfair or unreasonable. Whelan Sec. Co., Inc. v. Allen, 26 S.W.3d 592, 595 (Mo.App. E.D.2000). Whether a party presented sufficient evidence to show that enforcement of the clause would be unfair or unreasonable is a question of law that we review independently on appeal. Id. at 595. However, as GP&W properly points out, the issue of whether the clause is unfair or unreasonable was not properly preserved for appeal.

Supreme Court Rule 84.13 provides that "allegations of error not presented to or expressly decided by the trial court shall not be considered in any civil appeal from a jury tried case." The Missouri Supreme Court recently held that absent some constitutional

4

imperative, "it simply is not the role of the court of appeals or this Court to grant relief on arguments that were not presented to or decided by the trial court." Barkley v. McKeever Enterprises, Inc., 456 S.W.3d 829, 839–40 (Mo. 2015). This rule abides regardless of the merits of the new argument. Id.

Daibes Oil did not argue before the trial court that it should not be held to the bargain because it was unfair or unreasonable. Instead, Daibes Oil only challenged whether the trial court could properly exercise personal jurisdiction. Therefore, we will only address whether the trial court should have denied summary judgment and dismissed the petition because it did not have personal jurisdiction over Daibes Oil under the Missouri long-arm statute.

As this court explained in Whelan, "Although it is generally necessary to satisfy the Missouri long-arm statute to obtain in personam jurisdiction over a nonresident defendant pursuant to Section 506.500, jurisdiction over the person may be also obtained by consent or by waiver." Whelan, 26 S.W.3d at 595. Parties to a contract may agree in advance to submit to personal jurisdiction in a given court by means of a forum selection clause because personal jurisdiction is an individual right capable of being waived. Id. In Whelan, the plaintiff made a prima facie showing of jurisdiction by adducing evidence that the parties had signed an agreement containing a forum selection clause placing litigation in Missouri state or federal courts. Id. Accordingly, this court found the defendant waived personal jurisdiction and, as a result, plaintiff did not have to show minimum contacts. Id.

Daibes Oil waived personal jurisdiction when it signed the Agreements containing the forum selection clause. GP&W was therefore relieved from the burden of proving

5

minimum contacts under the Missouri long-arm statute, and the trial court properly exercised personal jurisdiction over Daibes Oil. Consequently, the trial court properly granted summary judgment because Daibes Oil did not challenge the Motion for Summary Judgment on any other grounds. Point I is denied.

In Point II, Daibes Oil argues the trial court abused its discretion when it denied Daibes Oil's Amended Motion to Dismiss because GP&W failed to plead facts in its First Amended Petition demonstrating Daibes Oil had minimum contacts sufficient to exercise personal jurisdiction over it. However, again, this issue was not properly preserved for appeal. Defendants in their Amended Motion to Dismiss only challenged personal jurisdiction as to defendants Fred A. and Munir Daibes, not Daibes Oil. The issue of personal jurisdiction as to Daibes Oil was not presented to the trial court, and the trial court's denial of the Amended Motion to Dismiss pertained only to the individual defendants who are not parties to this appeal. Point II is therefore denied.

Finally, in Point III, Appellant argues the trial court erred by denying its Motion to Transfer because the appropriate venue was, and is, the United States District Court for the Eastern District of Missouri. In its Motion to Transfer, Daibes Oil requests that the trial court dismiss GP&W's petition with leave to refile the matter in federal court. However, an Order denying a Motion to Transfer is not an appealable order.

"Dismissal for improper venue is not a final judgment on the merits, but is without prejudice to the refiling of the action in the proper forum. Accordingly, it is not an appealable order." Miller v. Illinois Cent. R. Co., 782 S.W.2d 138, 138 (Mo. App. E.D. 1989) (internal citations omitted); see also State ex rel. J.C. Penney Corp. v. Schroeder, 108 S.W.3d 112, 113 (Mo. App. E.D. 2003)("An extraordinary writ is the

6

proper method for attacking a dismissal or denial of a motion to dismiss for improper venue because they are not appealable orders.").

Nevertheless, even if we were to review Point III on the merits, Appellant cannot prevail. Daibes Oil argues enforcement of the forum selection clause would be unjust or unreasonable. However, as previously discussed, Daibes Oil failed to present this argument before the trial court.

Daibes Oil also argues the forum selection clause is vague, ambiguous, and overbroad, rendering the clause unenforceable. We disagree. A contract is ambiguous only if its terms are susceptible to fair and honest differences. Helterbrand v. Five Star Mobile Home Sales, Inc., 48 S.W.3d 649, 658 (Mo. App. W.D. 2001). A contract is not ambiguous merely because the parties disagree as to its construction. Id. Where the language of a contract is unambiguous, the intent of the parties is to be gathered from the contract alone, and a court will not resort to construction where the intent of the parties is expressed in clear, unambiguous language. City of Harrisonville v. Pub. Water Supply Dist. No. 9 of Cass Cty., 49 S.W.3d 225, 230 (Mo. App. W.D. 2001).

The forum selection clause provides "Both parties consent to the exclusive jurisdiction of the Federal District Courts located within the Eastern District of Missouri or the Courts of the State of Missouri." Daibes Oil argues this language could be interpreted to mean the federal court was the primary choice of forum, while the state forum was secondary. However, there is no language in the clause supporting such an interpretation. A plain reading of the clause indicates the "or" in the sentence "Both parties consent to the exclusive jurisdiction of the Federal District Courts located within the Eastern District of Missouri or the Courts of the State of Missouri" is a coordinating

conjunction suggesting two alternatives. It does not, as Daibes Oil suggests, require the parties to file a lawsuit in federal court as the primary forum. The language contained in the forum selection clause is not vague, ambiguous, or overbroad. Point III is denied.

*II. Attorney's Fees and Costs*

GP&W's sole point on cross appeal is that the trial court abused its discretion when it denied GP&W's request for attorney's fees and costs because the Agreements required the trial court to award attorney's fees to the prevailing party. We agree.

In Missouri, litigants generally bear the expense of their own attorneys' fees as provided in the American Rule. City of Cottleville v. St. Charles County, 91 S.W.3d 148, 150 (Mo.App. E.D.2002). We recognize an exception to the American Rule when a contract permits a successful litigant to recover attorney's fees. McClain v. Papka, 108 S.W.3d 48, 54 (Mo.App. E.D.2003). "If a contract provides for the payment of attorney's fees in the enforcement of a contract provision, the trial court must award them to the prevailing party." White v. Marshall, 83 S.W.3d 57, 63 (Mo. App. W.D. 2002)(citing Howe v. ALD Servs., Inc., 941 S.W.2d 645, 652 (Mo.App. E.D.1997)). The prevailing party is the party that "obtains a judgment from the court, regardless of the amount of damages." Brooke Drywall of Columbia, Inc. v. Building Constr. Enters., Inc., 361 S.W.3d 22, 27 (Mo.App. W.D.2011) (internal citation and quotation omitted).

Here, the Agreements include a clause that states "In the event of a dispute between the parties in connection with this Agreement, the prevailing party in the resolution of any such dispute, whether by litigation or other wise [sic], shall be entitled to full recovery of all attorney's fees…costs and expenses incurred therewith, including costs of court, from the non-prevailing party." This contractual language required the

8

trial court to award attorney's fees and costs to the prevailing party, and failure to do so was error. The trial court is reversed as to the cross appeal and the matter remanded for further proceedings consistent with this opinion.

**Conclusion**

The trial court's judgments granting GP&W's Motion for Summary Judgment and denying Daibes Oil's Amended Motion to Dismiss and Amended Motion to Transfer are affirmed. We reverse the trial court's denial of an award of attorneys' fees and costs to GP&W. The cause is remanded and the trial court is directed to determine a reasonable amount of attorneys' fees and costs to be awarded to GP&W.

_____
Lisa S. Van Amburg, Judge


Angela T. Quigless, P.J., and
Robert G. Dowd, J., concur.

9