MINUTEMAN PRESS INTERNATIONAL, INC., Appellant,

v.

Aaron M. and Donna J.B. HOFFMAN, Respondents.

No. WD 43208.

Missouri Court of Appeals, Western District.

Jan. 14, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 3, 1992.

Application to Transfer Denied April 21, 1992.

Keith Ferguson, St. Joseph, for appellant.

Ron Findley, St. Joseph, for respondents.

1. *See* Uniform enforcement of foreign judgments law, § 511.760 RSMo 1986.

Before SHANGLER, P.J., and KENNEDY and FENNER, JJ.

PER CURIAM.

Minuteman Press International, Inc., has a New York judgment for $5,779.23 against Missouri residents Aaron M. Hoffman and Donna J.B. Hoffman.

Minuteman Press registered the judgment in Buchanan County, Missouri, where the Hoffmans live.[1]

The Hoffmans sought to vacate the registration on the ground that the New York court which rendered the judgment had no personal jurisdiction over them. This is the issue we decide upon this appeal.

The Circuit Court of Buchanan County agreed with the Hoffmans and entered a judgment setting aside the Missouri registration of the New York judgment. Minuteman Press has appealed.

The New York judgment was rendered upon default of the Hoffmans' appearance. The Hoffmans had been served with process under New York's Long Arm statute, N.Y.Civ.Prac.L. & R. § 302 (McKinney 1972). The relevant part of the statute is as follows:

> Section 302. PERSONAL JURISDICTION BY ACTS OF NONDOMICILIARIES.
>
> (a) ACTS WHICH ARE THE BASIS OF JURISDICTION. As to a cause of action arising from any of the acts enumerated in this section, a Court may exercise personal jurisdiction over any non-domiciliary ..., who in person or through an agent:
>
>> 1. Transacts any business within the state or contracts anywhere to supply goods and services in the state.

Under the Due Process Clause of the 14th Amendment, a non-resident defendant is amenable to service of process under the forum state's long arm statute only if, in connection with the subject matter of the lawsuit, he has had minimum contacts with the forum state so that "traditional notions of fair play and substantial justice" are not offended by bringing the defendant within

the jurisdiction of the foreign court by long arm service. *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

In assessing minimum contacts, the courts properly focus on "the relationship among the defendant, the forum and the litigation." *Shaffer v. Heitner,* 433 U.S. 186, 204, 97 S.Ct. 2569, 2580, 53 L.Ed.2d 683 (1977). The defendants' contacts with the forum state must be purposeful and such that defendant "should reasonably anticipate being haled into court there." *World–Wide Volkswagen,* 444 U.S. at 297, 100 S.Ct. at 567; *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958), *reh'g denied,* 358 U.S. 858, 79 S.Ct. 10, 3 L.Ed.2d 92 (1958). The Court has recognized, however, that defendant's contact with the forum state must be more than "fortuitous", inadvertent and "attenuated." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985).

■ There is no set formula to determine the sufficiency of contacts to satisfy due process in exercising personal jurisdiction. *Total Sound, Inc. v. Universal Record Distributing Corp.,* 286 F.Supp. 123 (S.D.N.Y.1968). In fact, the United States Supreme Court has "reject[ed] any talismanic jurisdictional formulas," *Burger King,* 471 U.S. at 485, 105 S.Ct. at 2189, noting that the facts of each case must always be weighed in determining whether personal jurisdiction would comport with fair play and substantial justice and although due process allows flexibility in ensuring that commercial actors are not effectively judgment proof for the consequences of obligations they voluntarily assume in other states, "so too does it prevent rules that would unfairly enable them to obtain default judgments." *Id.* at 486, 105 S.Ct. at 2190. The Court ruled that to find otherwise would " 'sow the seeds of default judgment against franchisees owing smaller debts.' " *Id.* at 485, 105 S.Ct.

at 2189 (quoting *Burger King v. MacShara,* 724 F.2d 1505, 1511 (11th Cir.1984)).

The Hoffmans have at all times resided in St. Joseph, Missouri. They became acquainted with the Minuteman franchise system at a franchise show in Kansas City. Minuteman is in the business of franchising Minuteman Press print shops. The franchisee pays an initial franchise fee of $22,500 for a franchise which gives him non-exclusive franchise for a term of 25 years. The location of the Hoffman franchise was in St. Joseph, Missouri.

The franchise entitles the franchisee to use the Minuteman Press name, and entitles him to certain ongoing services furnished by Minuteman Press. He pays Minuteman Press a royalty of 6% of his gross receipts from the business. The judgment sought to be registered in this case is on two promissory notes executed by the Hoffmans to Minuteman for unpaid royalties.

Minuteman's headquarters is in Farmingdale, New York, although it has a regional office in St. Louis, Missouri. Before the Hoffmans entered into the franchise agreement with Minuteman, Donna J.B. Hoffman went to New York for one day to investigate Minuteman Press. She met with some of Minuteman's corporate representatives, and visited some of Minuteman's franchisees' shops in New York. The licensing agreement was signed by the Hoffmans and by Christopher A. Simnick, a vice president of Minuteman, at Minuteman's office in St. Louis, Missouri. The licensing agreement was dated August 29, 1985. The licensing agreement contained the following forum selection clause:

This agreement shall be governed as to validity, construction and in all other respects, by the laws of the State of New York; and in the event of any litigation commenced by either party hereunder, such action shall be commenced and tried in a court of competent jurisdiction in the State of New York, or in the United States District Court for the Eastern District of New York, in the county where Licensor has its Home Office. The parties waive trial by jury in all instances.

After the signing of the license agreement, both Mr. and Mrs. Hoffman went to New York for an 11–day training course provided by Minuteman. This was in September–October, 1985. During their stay in New York, the Hoffmans paid their licensing fee to Minuteman. They also during this time signed two other agreements with Minuteman—a computer lease agreement and a window graphics agreement.

In July, 1986, the Hoffmans' pressman, Jason Lasey, went to Minuteman's home office in New York for a week of training.

Later dealings between the Hoffmans in St. Joseph and Minuteman in New York were conducted by mail and by telephone, and with Minuteman representatives within Missouri.

■ We hold as a matter of law the Minuteman New York judgment against the Hoffmans was entitled to registration in Missouri. The contacts of the Hoffmans with the forum state of New York in connection with subject matter of the litigation, supported by the forum selection clause in the licensing agreement, were sufficient to bring the Hoffmans within the jurisdiction of the New York court upon the service of process upon them in Missouri under the terms of New York's long arm statute.

The Texas case of *Minuteman Press International, Inc. v. Sparks,* 782 S.W.2d 339 (Tex.App.1989), closely parallels the case before us. There it was held that a New York judgment against Texas residents served under the same New York long arm statute as the Hoffmans was valid and entitled to registration in Texas. The defendants' contacts with Minuteman Press in New York practically mirrored those of the Hoffmans in this case, and the licensing agreement in that case contained a forum selection clause essentially like the one in this case. The Texas case is highly persuasive, and we adopt its reasoning and result.

The Hoffmans argue that the Texas case is distinguishable for the fact it involved $9,778.94, as against the $5,779.23 involved here. We do not think this is a significant difference in the two cases.

We recently had occasion to consider a forum selection clause much like the one in the present case. *Chase Third Century Leasing Co. v. Williams,* 782 S.W.2d 408 (Mo.App.1989). We upheld the provision against the same arguments advanced by the Hoffmans in this case, *i.e.,* that the clause did not comply with applicable due process standards of *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). We found in that case, as we find in this case, that the judgment debtors, had not shown, as it was their burden to show, that the forum selection clause was not obtained through a freely negotiated agreement without fraud or overreaching thereby rendering its enforcement unreasonable or unjust. *Williams,* 782 S.W.2d at 411.

The judgment of the trial court setting aside the registration of the foreign judgment is reversed, and the cause is remanded for the entry of a new judgment sustaining the registration.