**Theodore BURKE, Plaintiff/Appellant,**

v.

**Shevin GOODMAN,
Defendant/Respondent.**

**No. ED 81814.**

Missouri Court of Appeals,
Eastern District,
Division Four.

May 20, 2003.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 13, 2003.

Application for Transfer Denied Sept. 30, 2003.

John L. Davidson, St. Louis, for Appellant.

Janet M. Adams, St. Louis, MO, for Respondent.

SHERRI B. SULLIVAN, Judge.

### Introduction

Theodore Burke (Burke) appeals from a trial court judgment sustaining a Motion to Dismiss filed by Shevin Goodman (Goodman) in response to Burke's Petition. Burke argues that an outbound forum selection clause and an arbitration clause in a Purchase Order are inapplicable or invalid. We affirm.

### Factual and Procedural Background

As alleged in the Petition,[1] from January 1998 through November 1999, Goodman

---

**1.** The facts pleaded in the petition are as- sumed to be true for purposes of reviewing

was the president, chief operating officer, sole, dominant or controlling shareholder, and dominant or controlling director of Americard Dispensing Corporation (ADC), a Florida corporation. ADC was a franchiser for pre-paid phone card vending machines.

In May 1999, Burke entered into a one-page, front and back, Purchase Order with ADC. The front page of the Purchase Order, just above Burke's signature indicating he accepted and approved the Purchase Order, states that the sale is subject to the terms on the reverse of the Purchase Order. Included within those terms is the following:

> 4. Any dispute under the Purchase Order shall be settled by arbitration before the American Arbitration Association of South Florida in accordance with their rules and procedures. Judgment on the award of the American Arbitration Association may be entered in any Court of competent jurisdiction. Interpretation of this Purchase Order shall be determined by the laws of the State of Florida. Exclusive venue for the resolution of disputes shall be in Dade County, Florida.

In June 2001, Burke filed a Petition against Goodman, individually, in St. Louis County, Missouri. The Petition alleged various fraudulent and/or negligent acts and omissions on the part of Goodman that induced Burke to enter into the Purchase Order and to invest in a franchise with ADC.

Goodman received personal service in Florida. Subsequently, Goodman's counsel entered a special limited entry of appearance to challenge venue and jurisdiction on Goodman's behalf. Goodman filed a Motion to Dismiss Burke's Petition pursuant to Rule 55.27.[2] The motion argued that Burke's Petition should be dismissed because the Purchase Order requires that any dispute be settled by arbitration before the American Arbitration Association of South Florida and provides that exclusive venue for the resolution of disputes be in Dade County, Florida. The trial court called, heard, and entered an Order sustaining the Motion to Dismiss, without stating any grounds for doing so and without designating its dismissal as with or without prejudice.

Goodman also filed a Motion to Stay Proceedings and Compel Arbitration, to which Burke filed a Memorandum of Law in Opposition. The trial court did not hear this motion.

■ Burke appealed from the trial court's Order, and we issued an Order to Show Cause why the appeal should not be dismissed for lack of a final, appealable judgment in compliance with Rule 74.01(a).[3] Subsequently, the trial court amended the Order's caption to read "Order and Judgment." Burke filed a Response to our Order to Show Cause, attaching the trial court's subsequent decision, which we found in compliance with Rule 74.01(a).[4]

the dismissal. *Scott v. Tutor Time Child Care Sys., Inc.*, 33 S.W.3d 679, 680 (Mo.App. W.D. 2000).

2. All rule references are to Mo. R. Civ. P. 2002, unless otherwise indicated.

3. The Order was not denominated a "judgment" as required by Rule 74.01(a), and therefore it appeared that we lacked appellate jurisdiction.

4. We also note that because the trial court did not specify "with prejudice" in its Order dismissing the Petition, the dismissal is "without prejudice." *See* Rule 67.03. Generally, a dismissal without prejudice is not a final judgment because the party may re-file the cause of action, and thus it is not appealable. *Waltrip v. Davis*, 899 S.W.2d 147, 148 (Mo.App. E.D.1995). However, because the trial court's dismissal of the cause of action bars

## Standard of Review

 Appellate review of a trial court's order granting a motion to dismiss is *de novo. M.M.H. v. J.P.C.,* 42 S.W.3d 16, 18 (Mo.App. E.D.2001). When the trial court fails to state a basis for its dismissal, we presume the dismissal was based on at least one of the grounds stated in the motion to dismiss. *Lueckenotte v. Lueckenotte,* 34 S.W.3d 387, 391 (Mo. banc 2001). We must affirm the dismissal if it can be sustained on any ground supported by the motion to dismiss, regardless of whether or not the trial court relied on that ground. *Id.*

## Discussion

Burke raises five points on appeal. In his first point, Burke argues that the trial court erred in sustaining Goodman's Motion to Dismiss because the forum selection clause in the Purchase Order was inapplicable or invalid.

Preliminarily, Burke argues that Goodman was not a party to the Purchase Order, but rather a disclosed agent, such that he is unable to claim any benefit from the agreement. We find this argument unpersuasive. The Petition alleges that ADC "was the agent and alter ego of"

Goodman, and Goodman was the "principal of" ADC. The trial court was entitled on the Motion to Dismiss to take the Petition at face value. *See Scott,* 33 S.W.3d at 682. Thus, we find the forum selection clause in the Purchase Order to be applicable.

 A forum selection clause of a contract selects the venue in which a cause of action is to be tried. *Bouquette v. Suggs,* 928 S.W.2d 412, 413 (Mo.App. E.D. 1996). An inbound forum selection clause provides for trial inside Missouri. *High Life Sales Co. v. Brown–Forman Corp.,* 823 S.W.2d 493, 495 (Mo. banc 1992). An outbound forum selection clause provides for trial outside Missouri. *Id.*

The Purchase Order contains an outbound forum selection clause. It provides that "exclusive venue for the resolution of disputes shall be in Dade County, Florida." [5] Historically, Missouri courts voided outbound forum selection clauses as per se violations of public policy. *Id.* at 495–496. However, in *High Life Sales,* the Missouri Supreme Court joined the majority of jurisdictions in concluding that Missouri should no longer treat outbound forum selection clauses in such a manner. *Id.* at 496–497.[6] Rather, the Court held that an

Burke from re-filing in Missouri, and thus has the practical effect of terminating the litigation in his chosen forum, it is appealable. *See Whelan Sec. Co., Inc. v. Allen,* 26 S.W.3d 592, 595 (Mo.App. E.D.2000).

5. We note that, unlike the arbitration clause in the Purchase Order that appears to limit its applicability to disputes arising "under the Purchase Order," the forum selection clause does not contain the same limiting language. Thus, the applicability of the forum selection clause is not reserved for disputes arising only under the Purchase Order, but rather it applies to the resolution of any disputes between the parties, including those raised in Burke's Petition. *Cf. Service Vending Co. v. Wal–Mart Stores, Inc.,* 93 S.W.3d 764, 767–769 (Mo. App. S.D.2002).

6. The Court identified four reasons for its conclusion: (1) the questionable continued applicability of *Reichard v. Manhattan Life Ins. Co.,* 31 Mo. 518 (1862); (2) the public policy of allowing and encouraging freedom of contract and enforcing the parties' agreement, when not unfair and unreasonable, outweighs any public policy involved in guaranteeing Missouri citizens a right to the Missouri courts when they have entered into an arm's length agreement that provides otherwise; (3) the discrepancy between enforcement of inbound forum selection clauses and nonenforcement of outbound forum selection clauses; and (4) the potential overcrowding in Missouri courts because of the discrepancy.

outbound forum selection clause should be enforced unless it is unfair or unreasonable to do so. *Id.* at 497.

The party resisting enforcement of the forum selection clause bears a heavy burden in convincing the court that he or she should not be held to the bargain. *Whelan Sec. Co., Inc.,* 26 S.W.3d at 596. Whether or not the party presented sufficient evidence to show that enforcement of the clause would be unfair or unreasonable is a question of law that we review independently on appeal. *Id.* at 595.

First, we must determine whether or not enforcement of the forum selection clause would be unfair. In determining fairness, we consider whether or not the contract was adhesive. An adhesive contract is one in which the parties have unequal standing in terms of bargaining power (usually a large corporation versus an individual) and often involves take-it-or-leave-it provisions in printed form contracts. *High Life Sales Co.,* 823 S.W.2d at 497. In other words, the forum selection clause must have been obtained through freely negotiated agreements absent fraud and overreaching. *Whelan Sec. Co., Inc.,* 26 S.W.3d at 596.

We find that the Purchase Order is not an adhesive contract. The Petition does not allege the specific status of Burke, although a reasonable inference would be that he is at least a business entrepreneur. The Purchase Order is a one-page document, front and back, with the back-side of the document listing terms and conditions of the Purchase Order, including the outbound forum selection clause. No allegations are made that Burke was prevented from obtaining counsel to review the Purchase Order or from

suggesting modifications to the Purchase Order, including the forum selection clause. Burke presented no evidence that the Purchase Order was presented as a take-it-or-leave it proposition. Burke had a choice to enter the arm's length agreement. *Cf., e.g., Whelan Sec. Co., Inc.,* 26 S.W.3d at 596 (enforcement of an inbound forum selection clause in an employment contract was not unfair because an employee is not forced to accept and to execute the contract but rather has the option to forego the employment if the terms of the contract are not satisfactory).

In determining fairness, we also consider whether or not the forum selection clause is neutral and reciprocal in nature. For example, a clause that provides that the litigation shall be brought at the principal place of business of the defendant, mitigates in favor of fairness and discourages hasty litigation because a "race to the courthouse by either party puts the lawsuit in the opponent's backyard." *See High Life Sales Co.,* 823 S.W.2d at 497. Although the forum selection clause in the Purchase Order provides a specific venue where all litigation shall be brought, we do not find this one factor to be controlling in determining fairness. Therefore, we find that enforcement of the outbound forum selection clause in the Purchase Order is not unfair.

We now turn to whether or not enforcement of the forum selection clause would be unreasonable. In *High Life Sales,* the Court found enforcement of an outbound forum selection clause to be unreasonable [7] because the controlling substantive issue in the litigation, the application of the liquor distribution statute, Section 407.413 RSMo. 1986, involved a matter of important public

---

**7.** The Court did not find circumstances present that would cause the enforcement of the outbound forum selection clause to be unfair.

policy to Missouri that is heavily regulated by state government and varied from state to state. 823 S.W.2d at 497–498. Thus, the interest that a particular state had in construing and applying the liquor control legislation in its own state was apparent. *Id.* at 498. The Court also noted that the general subject of liquor control and the specific statutory protection of a holder of a liquor distribution franchise carried heightened public policy considerations that outweighed any public policy considerations involved in the enforcement of a forum selection clause. *Id.* The Court further noted that Section 407.413 had not been interpreted by Missouri courts so no guidelines existed for an out-of-state court in its application of the statute. *Id.* Therefore, the Court did not enforce the outbound forum selection clause.

*Scott* is another case where the court found enforcement of an outbound forum selection clause unreasonable [8] and therefore did not enforce the clause.[9] 33 S.W.3d at 683. The court found enforcement of the clause unreasonable because cross-claims in the litigation were still pending before the trial court. *Id.* Thus, because much of the litigation would remain in Missouri and "to avoid potential problems of collateral estoppel or res judicata or inconsistent adjudications which could theoretically result from separating the trials of these related claims," the court concluded that it "made sense to keep all the litigation" in Missouri and would be unreasonable to do otherwise. *Id.* Therefore, these policy considerations mitigated against enforcement of the outbound forum selection clause. *Id.*

■■■ We do not find circumstances similar to *High Life Sales* or *Scott* here. Whether or not Goodman is a "con artist," as Burke argues, and whether or not Burke was a victim of Goodman's con, goes to the merits of the case, which we presume a Florida court is equally capable of determining. Burke argues that the "public policy of Missouri is to protect crime victims and our Constitution requires our courts to be open to assure restitution." Burke presents no evidence that Florida does not have a similar public policy, and we suspect that Florida would favor the protection of crime victims.

■■■ Further, a forum selection clause may be unreasonable if it results in undue hardship, such as a necessity to travel or transport witnesses such a distance that expenses would render access to the courts impractical. *Whelan Sec. Co., Inc.,* 26 S.W.3d at 596. Although Burke states that trial in Florida is "a very unattractive proposition," he has not shown that trial in Florida would be so gravely difficult and burdensome that he would be deprived of

8. The court did not find circumstances present that would cause the enforcement of the outbound forum selection clause to be unfair.

9. Since *High Life Sales,* a handful of Missouri cases have been decided that generally address outbound forum selection clauses. Two of these cases were order opinions affirming the trial court's dismissal of the cause of action. *See Sweet Surrender, Inc. v. Am. Bagel Co.,* 979 S.W.2d 211 (Mo.App. E.D.1998); *Belcher v. Furniture Medic, Inc.,* 934 S.W.2d 644 (Mo.App. W.D.1996). Three of these cases did not analyze the outbound forum selection clause as the dispositive issue in the

case. *See State ex rel. Premier Marketing, Inc. v. Kramer,* 2 S.W.3d 118 (Mo.App. W.D.1999) (fairness and reasonableness of outbound forum selection clause not challenged and clause enforced because no novation occurred); *Seals v. Callis,* 848 S.W.2d 5 (Mo. App. W.D.1992) (outbound forum selection clause not enforced because party waived the right to enforcement by filing suit and trying case in particular venue); *Minuteman Press Int'l, Inc. v. Hoffman,* 826 S.W.2d 34 (Mo. App. W.D.1992) (outbound forum selection clause one factor in entitling registration of out-of-state judgment in Missouri).

his day in court. *See Id.* For example, the record does not indicate that Burke supplied the trial court with the names of witnesses he would call, where they live and their significance to his case or made a showing of what his expenses to bring the case in Florida would be or that these expenses would create an undue hardship. *See Id.* at 597. Therefore, we find that enforcement of the outbound forum selection clause in the Purchase Order is not unreasonable.

Burke has not met his heavy burden to convince us that he should not be held to his bargain. The facts set out by Burke in his Petition are insufficient as a matter of law to show that enforcement of the forum selection clause in the Purchase Order would be unfair or unreasonable. Accordingly, the trial court did not err in sustaining Goodman's Motion to Dismiss. Burke's point one on appeal is denied.

Having found a valid ground upon which the trial court could have sustained Goodman's Motion to Dismiss, we need not review Burke's remaining four points on appeal addressing the arbitration clause of the Purchase Order.

*Conclusion*

The judgment of the trial court is affirmed.

WILLIAM H. CRANDALL, JR., P.J., and GLENN A. NORTON, J., concur.