**JITTERSWING, INC., Appellant,**

v.

**FRANCORP, INC., Respondent.**

**No. ED 93045.**

Missouri Court of Appeals, Eastern District, Division Five.

March 16, 2010.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 19, 2010.

Application for Transfer Denied June 29, 2010.

Allen D. Kircher, St. Charles, MO, for Appellant.

John E. Tresslar, T. Michael Wood, Teresa M. Young, St. Louis, MO, for Respondent.

ROY L. RICHTER, Judge.

Jitterswing, LLC ("Jitterwsing") appeals the trial court's decision granting

defendant Francorp, INC.'s ("Francorp") Motion to Dismiss. We reverse and remand.

## I. BACKGROUND

Jitterswing and Francorp entered into a contractual agreement for Francorp to perform franchise development program services. Under the contract, Francorp agreed to create a comprehensive franchise program, launch a marketing and sales campaign, and recruit, train and service franchises. Jitterswing and Francorp agreed that all documents and forms provided by Francorp would be submitted to Jitterswing's attorney for review and approval. The parties further acknowledged that Francorp could not act as Jitterswing's attorney.

The contract also contained a forum selection clause stating that "... the parties agree that any dispute arising under this Agreement shall be resolved in the state or federal courts, within the state of Illinois, and each party expressly consents to jurisdiction therein."

In 2009, Jitterswing filed suit against Francorp in Missouri, alleging that Francorp had performed actions under the agreement that constituted the practice of law without a law license. Francorp filed a Motion to Dismiss citing the contract's forum selection clause. The trial court found that the forum selection clause was applicable, and dismissed the action without prejudice. Jitterswing appeals.

## II. DISCUSSION

At issue is whether the lower court, and therefore this Court, has jurisdiction over this action given the forum selection clause in the contract. Parties to a contract may agree in advance to submit to personal jurisdiction in a given court by means of a forum selection clause. *Whelan Sec. Co., Inc. v. Allen*, 26 S.W.3d 592, 595 (Mo.App. E.D.2000). Once one party asserts that a contract contains a forum selection clause, the burden is shifted to the other party to demonstrate that the enforcement of the clause would be unjust or unreasonable. *Id.* We enforce a forum selection clause unless the party seeking to avoid its application sustains a heavy burden to show that the clause is unfair or unreasonable. *Id.*

However, the existence of a forum selection clause in a contract that requires contractual disputes to be litigated in a specific forum, does not require tort claims between the same parties to be litigated in that forum absent precise language to that effect. *Service Vending Co. v. Wal–Mart Stores, Inc.* 93 S.W.3d 764, 768 (Mo.App. S.D.2002). Further, a forum selection clause in a contract does not control the site for litigation of a tort claim simply because the dispute that produced the tort claim would not have arisen absent the existence of a contract. *Id.* at 769.

Here, Jitterswing has a statutory tort claim against Francorp for the practice of law without a license. The claim arises under section 484.020 RSMo Cum Supp 2007[1] which states, in pertinent part:

1. No person shall engage in the practice of law or do law business, as defined in section 484.010, or both, unless he shall have been duly licensed therefor and while his license therefor is in full force and effect, nor shall any association, partnership, limited liability company or corporation, except a professional corporation organized pursuant to the provisions of chapter 356, RSMo, a limited liability company organized and registered pursuant to the provisions of

---

1. All further statutory citations are to RSMo Cum Supp 2007

chapter 347, RSMo, or a limited liability partnership organized or registered pursuant to the provisions of chapter 358, RSMo, engage in the practice of the law or do law business as defined in section 484.010, or both.

2. Any person, association, partnership, limited liability company or corporation who shall violate the foregoing prohibition of this section shall be guilty of a misdemeanor and upon conviction therefor shall be punished by a fine not exceeding one hundred dollars and costs of prosecution *and shall be subject to be sued for treble the amount which shall have been paid him or it for any service rendered in violation hereof by the person, firm, association, partnership, limited liability company or corporation paying the same within two years from the date the same shall have been paid and if within said time such person, firm, association, partnership, limited liability company or corporation shall neglect and fail to sue for or recover such treble amount, then the state of Missouri shall have the right to and shall sue for such treble amount and recover the same and upon the recovery thereof such treble amount shall be paid into the treasury of the state of Missouri ....*

(emphasis added)

The forum selection clause in the contract between Jitterswing and Francorp stated that the "... parties agree that any dispute arising under this Agreement shall be resolved in the state or federal courts, within the State of Illinois, and each part expressly consents to jurisdiction therein." This language is nearly the same as the language used in the contract in *Service Vending Co.*, 93 S.W.3d at 767.[2] There the court found that the language of the forum selection clause was not specific enough to encompass tort claims between the parties to the contact. *Id.* at 768–69. In accordance with *Service Vending Co.* we find that the language in the forum selection clause in the contract between Jitterswing and Francorp is not specific enough to encompass the tort claim for practice of law without a law license.

▊ Further, even if the forum selection clause were to encompass tort claims, outbound forum selection clauses will not be enforced in Missouri if they are unfair or unreasonable. *Burke v. Goodman,* 114 S.W.3d 276, 279–80 (Mo.App. E.D.2003). We find that enforcing the forum selection clause in the contract between Jitterswing and Francorp would create an unfair result. Jitterswing's claim for practice of law without a license occurred in Missouri and arises under Section 484.020. If required to bring its claim in Illinois, Jitterswing would be without recourse, as this is a tort claim created by a Missouri statute, and the courts of Illinois would be without jurisdiction.

Therefore, because the forum selection clause's language was not sufficiently specific to encompass a tort claim and because enforcing the forum selection clause would create an unfair result, we reverse and remand.

### III. CONCLUSION

We reverse and remand.

KENNETH M. ROMINES, C.J., and GARY M. GAERTNER, JR., J., concur.

---

**2.** The forum selection clause in *Service Vending Co.* stated that in "... the event litigation arises between Wal–Mart and [SVC] due to this Agreement, it is expressly agreed that such dispute will be governed by the laws and tried in the State of Arkansas." *Service Vending Co.* 93 S.W.3d at 767.