Jeff REED, Appellant,

v.

The REILLY COMPANY,
LLC, Respondent.

No. SC 96499

Supreme Court of Missouri,
en banc.

Opinion issued December 5, 2017

Reed was represented by William C. Kenney of the Bill Kenney Law Firm LLC in Kansas City, (816) 842-2455.

The company was represented by Lee M. Smithyman of Smithyman & Zakoura Chartered in Overland Park, Kansas, (913) 661-9800.

Zel M. Fischer, Chief Justice

Jeff Reed appeals the circuit court's dismissal of his petition seeking declaratory relief, injunctive relief, and damages against his former employer, The Reilly Company, LLC. The circuit court's judgment is affirmed.

### Factual and Procedural History

Upon being terminated, Reed filed an action against Reilly Co. in Jackson County circuit court, essentially seeking: (1) a declaration that his employment agreement with Reilly Co. is "void and of no effect"; (2) an injunction prohibiting Reilly Co. "from enforcing, or attempting to enforce" or "from seeking, or attempting to seek, to enforce" the agreement; (3) damages for "fraudulent[ly]/intentional[ly]/negligent[ly]/misrepresent[ing] and/or conceal[ing]" the allegedly illusory nature of the agreement; and (4) damages for allegedly wrongfully withholding commissions from Reed. See §§ 407.912-.913, RSMo Supp. 2013.

Reilly Co. moved to dismiss on the sole ground that Reed's agreement contains a forum selection clause, which provides:

Governing Law, Jurisdiction and Venue. This Agreement shall be construed according to and governed by the laws

of the State of Kansas. In the event of a dispute, the Parties agree that the sole proper jurisdiction and venue to interpret and enforce any and all terms of the Agreement shall be the District Court[1] of Johnson County, Kansas.

The circuit court sustained the motion and dismissed Reed's petition "without prejudice to the bringing of a future action in the jurisdiction and venue selected by the contract of the parties." Reed appealed,[2] and after opinion by the court of appeals, this Court sustained transfer pursuant to article V, section 10 of the Missouri Constitution.

### Standard of Review

█ "Review of a circuit court's order granting a motion to dismiss is *de novo.*" *Gibbons v. J. Nuckolls, Inc.,* 216 S.W.3d 667, 669 (Mo. banc 2007). Reilly Co. only moved to dismiss the petition on the basis of the forum selection clause, and the circuit court granted the motion solely on that basis. "When ... the circuit court does not specify reasons for dismissing a petition, [this Clourt presumes that the circuit court's judgment is based on one of the reasons stated in the motion to dismiss." *State ex rel. Heartland Title Servs. v. Harrell,* 500 S.W.3d 239, 241 n.2 (Mo. banc 2016). "The judgment of the circuit court will be affirmed if the dismissal is justified on any ground alleged in the motion." *Armstrong-Trotwood, LLC v. State Tax Comm'n,* 516 S.W.3d 830, 835 (Mo. banc 2017).

### Analysis

█ The dispositive issue in this appeal is whether the circuit court erred in en-

forcing the forum selection clause in the agreement and dismissing the petition without prejudice. Reed argues the circuit court erred in dismissing his petition because the forum selection clause did not include precise language requiring his claims for damages based on common law tort theories and his statutory claims for damages based on the Merchandising Practices Act ("MPA") to be litigated in Johnson County, Kansas, and the forum selection clause expressly applies only to claims seeking to "interpret and enforce" the terms of the agreement, but Reed is not seeking to enforce any of the terms of the agreement.

█ "[W]hether a forum selection clause that by its terms applies to contract actions also reaches non-contract claims 'depends on whether resolution of the claims relates to interpretation of the contract.' " *Major v. McCallister,* 302 S.W.3d 227, 231 (Mo. App. 2009) (quoting *Manetti-Farrow, Inc. v. Gucci Am.,* 858 F.2d 509, 514 (9th Cir. 1988)). Although Reed's claims were not expressly based upon the agreement, resolution of his claims would necessarily require an inquiry into the terms and enforceability of the agreement. Resolution of his claims depends upon an interpretation of the agreement. Enforcement of the agreement could also result in a finding by the reviewing court that the agreement does not preclude Reed from raising his claims.

Reed further argues the circuit court erred in dismissing his petition because his employment with Reilly Co. was "at will," no additional consideration was given in exchange for the forum selection clause,

---

1. The Kansas Constitution refers to the state's trial-level courts as "district courts." Kan. Const. art. III, sec. 6.

2. "An appeal from ... a dismissal [without prejudice] can be taken where the dismissal

has the practical effect of terminating the litigation in the ... plaintiff's chosen forum." *Chromalloy Am. Corp. v. Elyria Foundry Co.,* 955 S.W.2d 1, 3 (Mo. banc 1997) (per curiam).

and Reilly Co. materially breached the agreement. Reed essentially argues that, before the circuit court could dismiss his petition, it was required to determine whether the agreement was valid and enforceable and whether the outbound forum selection clause was supported by independent consideration. The former argument has been soundly rejected:

Appellants also spend a good deal of time trying to convince us that because the contracts themselves are void and unenforceable as against public policy—i.e., they set out a pyramid scheme—the forum selection clauses are also void. The logical conclusion of the argument would be that the federal courts in Illinois would first have to determine whether the contracts were void before they could decide whether, based on the forum selection clauses, they should be considering the cases at all. An absurdity would arise if the courts in Illinois determined the contracts were not void and that therefore, based on valid forum selection clauses, the cases should be sent to Texas—for what? A determination as to whether the contracts are void?

*Muzumdar v. Wellness Int'l Network*, 438 F.3d 759, 762 (7th Cir. 2006).

■ With respect to the latter argument, even assuming additional consideration was required in exchange for the forum selection clause, and no such additional consideration was given, such an inadequacy would not be fatal to the validity of the forum selection clause. *See High*

Life Sales Co. v. Brown-Forman Corp., 823 S.W.2d 493, 497 (Mo. banc 1992) ("It is not clear whether there was specific negotiation on the forum selection clause, but this is not critical; the important factor is that the contract terms were generally arrived at under circumstances that cannot be described as 'adhesive.'"). Reed does not claim the agreement was adhesive. More importantly, resolution of Reed's remaining arguments—that an employment at will does not create a legally enforceable employment relationship and that Reilly Co. materially breached the agreement—depend on an interpretation of the agreement. These matters can be addressed and resolved in Johnson County.

■ Reed also argues the circuit court erred in dismissing the case because enforcement of the forum selection clause would be unfair and unreasonable in that the agreement was allegedly procured by fraudulent misrepresentation and concealment,[3] the forum selection clause is not neutral and reciprocal in nature, and the forum selection clause purports to deprive Reed of the benefits of the applicable provisions of the MPA.

[T]he public policy of allowing and encouraging freedom of contract and enforcing the parties' agreement whether they be citizens of Missouri or elsewhere, so long as doing so is neither unfair nor unreasonable, outweighs any public policy involved in guaranteeing Missouri citizens a right to the Missouri courts when they have entered into an

---

3. The validity of a forum selection clause is independent from the validity of the agreement to which clause belongs. *See, e.g., Rucker v. Oasis Legal Fin.*, 632 F.3d 1231, 1238 (11th Cir. 2011); *Muzumdar*, 438 F.3d at 762; *Marra v. Papandreou*, 216 F.3d 1119, 1123 (D.C. Cir. 2000). A "forum-selection clause in a contract is not enforceable if the inclusion of that clause in the contract was the product

of fraud or coercion." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n.14, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974). Reed does not argue the forum selection clause itself was procured by fraud and concealment, only that the "**agreement** was allegedly procured by fraudulent misrepresentation and concealment." (Emphasis added).

arm's length agreement that provides otherwise.

*High Life*, 823 S.W.2d at 496. In considering

> whether enforcing the forum selection clause in the present situation would be either unfair or unreasonable[, m]any courts have refused to enforce a forum selection clause on the grounds of unfairness if the contract was entered into under circumstances that caused it to be adhesive. An adhesive contract is one in which the parties have unequal standing in terms of bargaining power (usually a large corporation versus an individual) and often involve take-it-or-leave-it provisions in printed form contracts.

*Id.* at 497 (internal citation omitted). Like in *High Life*, "[i]t is not clear whether there was specific negotiation on the forum selection clause, but this is not critical; the important factor is that the contract terms were generally arrived at under circumstances that cannot be described as 'adhesive.'" *Id.* Reed does not claim the agreement was adhesive.

Furthermore,

> [a]nother factor that mitigates in favor of the fairness of enforcing th[e] forum selection clause is the neutral and reciprocal nature of th[e] particular clause. Rather than providing one particular venue where all litigation shall be brought, this clause provides that the litigation shall be brought at the principal place of business of the defendant.

*Id.* Although the chosen forum (Johnson County) is the "particular venue where all litigation shall be brought," Reilly Co.'s principal office was located in Leavenworth, Kansas, which is in Leavenworth County, and Reed did not contest he worked at and out of Reilly Co.'s auxiliary office in Johnson County throughout his employment. Johnson County is a neutral forum for the parties' present dispute.

It is also not unreasonable for the Johnson County district court to interpret and determine the enforceability of the parties' agreement and determine whether Reed has a claim under the plain language of the applicable provisions of the MPA. To the extent the district court would need guidance from Missouri courts to interpret such provisions, Reed concedes Missouri courts have interpreted the applicable provisions of the MPA. *Cf. High Life*, 823 S.W.2d at 498 ("Because § 407.413 has never been interpreted by the Missouri courts, there are no guidelines for an out-of-state court with respect to whether the statute should be applied in this situation.").

### Conclusion

The circuit court's judgment is affirmed.[4]

All concur.

---

4. Prior to oral argument, Reed filed a motion to strike portions of Reilly Co.'s substitute brief and appendix. "The motion was ordered taken with the case and is now overruled as moot." *State ex rel. Merrell v. Carter*, 518 S.W.3d 798, 800 n.3 (Mo. banc 2017).