In the Missouri Court of Appeals
 Eastern District
 DIVISION ONE

 COREL CORPORATION, ) No. ED109259
 )
 Appellant, ) Appeal from the Circuit Court of
 ) St. Louis County
 vs. )
 ) Honorable Joseph S. Dueker
 FERRELLGAS PARTNERS, L.P., )
 )
 Respondent. ) Filed: October 5, 2021

 I.Introduction

 Corel Corporation (“Corel”) appeals the circuit court’s judgment granting Ferrellgas

Partners, L.P.’s (“Ferrellgas”) motion to dismiss. Corel brings four points on appeal. First,

Corel argues that the trial court erred in dismissing its petition for lack of subject matter

jurisdiction. Second, Corel argues that the trial court erred in holding that it did not have

personal jurisdiction over Ferrellgas. Third, Corel argues that the circuit court erred in holding

that the claims in Corel’s First Amended Petition were precluded under the doctrines of collateral

estoppel and res judicata. Finally, Corel argues that the circuit court erred in holding that Corel

could not waive its unilateral outbound forum selection clause.

 We affirm.
 II.Factual and Procedural Background

 On December 19, 2019, Corel, a Canadian corporation, filed a petition against Ferrellgas,

a Delaware limited partnership, in the St. Louis County Circuit Court, alleging breach of

contract, unjust enrichment, and conversion, and seeking injunctive relief and a declaratory

judgment in addition to damages. Corel, a software company, alleged that Ferrellgas, a propane

supplier, purchased numerous computers from Dell, Inc., with pre-loaded software programs,

including software from Corel. According to Corel, after Ferrellgas purchased the computers, it

“created ‘mirror images’ of the pre-loaded software sold with those computers and installed the

imaged software on unlicensed Lenovo computers and other equipment, without authorization

from Corel, without payment of license and maintenance fees to Corel, and in violation of

Corel’s EULAs.” Corel asserts that it demanded Ferrellgas pay the license and maintenance fees

for its software, but Ferrellgas refused and continues to refuse any payments. Corel believes that

Ferrellgas continues to use its software. Importantly, Ferrellgas’s alleged conduct “occurred, in

part, in Missouri.”

 Ferrellgas moved to dismiss Corel’s petition on February 14, 2020, first arguing that a

valid forum selection clause requires Corel to bring its claims exclusively in the state and federal

courts in California. The forum selection clause, found in Corel’s End User License Agreement

(“EULA”), reads:

 [T]his EULA is governed by the laws of the United States and the State of
 California, without reference to conflict of laws principles. Any dispute between
 You and Corel regarding this EULA will be subject to the exclusive venue of the
 state and federal courts in the State of California.

Additionally, Ferrellgas argued that Corel did not show that the circuit court could exercise

personal jurisdiction over Ferrellgas for this dispute.

 2
 The circuit court granted Ferrellgas’s motion on April 22, 2020, stating that “Ferrellgas

has made a prima facie case for lack of subject matter jurisdiction by showing that the [EULA]

contained a forum selection clause requiring litigation between the parties to take place in

California,” and finding that Corel has not demonstrated that enforcement of the forum selection

clause would be “unjust or unreasonable.” In addition, the circuit court determined that the clear

language of the forum selection clause in Corel’s EULA does not permit Corel to unilaterally

waive it. Lastly, the circuit court also ruled that Corel failed to plead adequate facts for the

circuit court to invoke either general or specific personal jurisdiction over Ferrellgas. Corel was

then granted thirty-days leave by the circuit court to amend its petition.

 On May 22, 2020, Corel filed an amended petition to include more facts demonstrating

Ferrellgas’s connections with Missouri. Ferrellgas moved to dismiss Corel’s First Amended

Petition on June 1, 2020, again arguing that the forum selection clause requires this dispute to be

heard in the state or federal courts in California and that Corel failed to plead facts sufficient for

the circuit court to invoke personal jurisdiction over Ferrellgas. Ferrellgas also invoked

collateral estoppel and res judicata, arguing that these doctrines preclude Corel from filing an

amended petition.

 The circuit court again agreed with Ferrellgas and dismissed Corel’s First Amended

Petition without prejudice, although this time without leave to amend. The circuit court found

that the allegations contained in the First Amended Petition “do[ ] not defeat the forum selection

clause or the lack of subject matter jurisdiction pursuant to the [EULA] at issue,” that Corel has

not pled facts to demonstrate personal jurisdiction over Ferrellgas, and that the doctrines of

collateral estoppel and res judicata preclude the amended petition as filed.

 This appeal follows.

 3
 III.Standard of Review

 “Review of a circuit court’s order granting a motion to dismiss is de novo.” Reed v.

Reilly Co., LLC, 534 S.W.3d 809, 811 (Mo. banc 2017) (quoting Gibbons v. J. Nuckolls, Inc.,

216 S.W.3d 667, 669 (Mo. banc 2007)). “The judgment of the circuit court will be affirmed if

the dismissal is justified on any ground alleged in the motion.” Id. (quoting Armstrong-

Trotwood, LLC v. State Tax Comm’n, 516 S.W.3d 830, 835 (Mo. banc 2017)).

 IV.Discussion

 Corel argues in its fourth point on appeal that the circuit court erred in holding that it

could not waive its “unilateral outbound forum selection clause” because enforcement of the

forum selection clause would be unfair and unreasonable in that the conduct at issue took place

in Missouri, the witnesses are in Missouri, and it can properly waive its outbound forum

selection clause. We disagree, and because our disposition on Point IV resolves this appeal, we

decline to address Corel’s other points. Id.

 Corel placed a forum selection clause in its EULA stating that “[a]ny dispute …

regarding this EULA will be subject to the exclusive venue of the state and federal courts in the

State of California.” Forum selection clauses are contractual agreements designating the

appropriate venue for a claim to be brought. GP&W Inc. v. Daibes Oil, LLC, 497 S.W.3d 866,

869 (Mo. App. E.D. 2016). Outbound forum selection clauses—like the one in Corel’s EULA—

provide for venue outside of Missouri, while inbound forum selection clauses provide for venue

within Missouri. Burke v. Goodman, 114 S.W.3d 276, 279 (Mo. App. E.D. 2003) (citing High

Life Sales Co. v. Brown–Forman Corp., 823 S.W.2d 493, 495 (Mo. banc 1992)). Under

Missouri law,1 forum selection clauses are prima facie valid. Cygnus SBL Loans, LLC. v. Hejna,

1
 A choice of law provision indicates that the EULA is governed by the substantive laws of California and the
United States. In Missouri, “forum selection clauses are … procedural, not substantive, in nature.” Peoples Bank v.

 4
584 S.W.3d 324, 330 (Mo. App. W.D. 2019). “Freely negotiated” forum selection clauses will

be enforced, “so long as doing so is neither unfair nor unreasonable.” High Life, 823 S.W.2d at

497; accord M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 18 (1972). “The party resisting

enforcement of the forum selection clause bears a heavy burden in convincing the court that he or

she should not be held to the bargain because it is unfair or unreasonable.” GP&W, 497 S.W.3d

at 869 (emphasis added); accord Cygnus, 584 S.W.3d at 330; Major v. McCallister, 302 S.W.3d

227, 229 (Mo. App. S.D. 2009).

 A. Waiver

 Corel argues that it can unilaterally waive the forum selection clause it put in its EULA

and bring this suit in St. Louis County. According to Corel, the Western District’s holdings in

Seals v. Callis, 848 S.W.2d 5 (Mo. App. W.D. 1992), and Peoples Bank v. Carter, 132 S.W.3d

302 (Mo. App. W.D. 2004), permit a party to unilaterally waive a forum selection clause.

Therefore, Corel maintains, Ferrellgas must first demonstrate that it relied on the forum selection

clause, then establish that waiver of the clause would cause it to suffer prejudice as a result. Yet

Corel’s reliance on these cases overlooks important differences that render them inapplicable

here.

 First, as noted above, forum selection clauses are contractual agreements regarding

venue. GP&W, 497 S.W.3d at 869. “In Missouri, a party may waive any condition of a contract

in the party’s favor.” Bellos v. Winkles, 14 S.W.3d 653, 655 (Mo. App. E.D. 2000) (emphasis

added) (citing Campbell v. Richards, 176 S.W.2d 504, 505 (Mo. 1944)). “However, a ‘party

cannot by his waiver affect the rights of the other party to the contract.’” Id. (quoting Campbell,

Carter, 132 S.W.3d 302, 305 (Mo. App. W.D. 2004). Therefore, Missouri law governs interpretation of the forum
selection clause, even in the presence of a choice of law provision that applies the substantive law of another state.
See generally Reed, 534 S.W.3d at 809 (applying Missouri law to determine the validity of a forum selection clause
even though the contract had a choice of law provision saying that Kansas law governs the agreement).

 5
176 S.W.2d at 505). So, while a forum selection clause can be waived, it must have been placed

in the agreement for the benefit of the waiving party. However, nothing in the record shows us

that Corel alone benefits from the forum selection clause in the EULA. In contrast to the forum

selection clauses in Seals and Peoples Bank, which provided for venue in the home counties of

the plaintiffs, Seals, 848 S.W.2d at 6 (Tennessee); Peoples Bank, 132 S.W.3d at 303, 307

(Kansas), the forum selection clause in Corel’s EULA provides for venue exclusively in

California, a neutral forum for both companies. These sorts of agreements are particularly

important in the business world because “[t]he elimination of … uncertainties by agreeing in

advance on a forum acceptable to both parties is an indispensable element in international trade,

commerce, and contracting.” M/S Bremen, 407 U.S. at 13–14. Furthermore, the forum selection

clause in Peoples Bank explicitly provided the plaintiff with “the unilateral authority to designate

a different … forum in writing.” 132 S.W.3d at 305. No similar provision in the EULA grants

Corel the unilateral right to do the same. In fact, the EULA (which also contains a merger

clause) contains provisions requiring mutual consent to make changes to it. For example, it

states that “[n]o modifications or amendments to this EULA will be binding upon Corel unless

made in writing and duly executed by [Ferrellgas] and an authorized representative of Corel.”

Simply, nothing in the record shows us that the forum selection clause exists for the sole benefit

of Corel, unlike the forum selection clauses in Peoples Bank and Seals, which only benefitted the

plaintiffs.

 Second, “an error [regarding venue] does not warrant reversal on appeal unless the error

results in prejudice.” Cygnus, 584 S.W.3d at 332 (quoting Barron v. Abbott Laboratories, Inc.,

529 S.W.3d 795, 798 (Mo. banc 2017)). On appeal, the defendants in both Seals and Peoples

Bank essentially argued that the respective circuit courts failed to make a correct ruling on venue.

 6
Both cases were then tried to conclusion. However, neither defendant demonstrated prejudice as

a result of the court’s venue rulings. In both cases, the Western District noted that it “is enjoined

by Rule 84.13(b) not to reverse any judgment unless it finds that error was committed against the

appellant materially affecting the merits of the action,” and discussed prejudice in this context.

Peoples Bank, 132 S.W.3d at 306 (quoting Seals, 848 S.W.2d at 7). Rule 84.13(b) states that

“[n]o appellate court shall reverse any judgment unless it finds that error was committed by the

trial court against the appellant materially affecting the merits of the action,” and it applies to

rulings on venue. The burden does not just shift to Ferrellgas to demonstrate prejudice because

Corel wants to waive the forum selection clause.

 B. Unfair and unreasonable

 Alternatively, Corel argues that the forum selection clause in its EULA is unfair and

unreasonable. Corel asks us to deem the forum selection clause unfair and unreasonable because

it “has pleaded unrebutted, uncontested facts showing that enforcement of the forum selection

clause would be unfair and unreasonable.” We are not persuaded by Corel’s argument and find

that the forum selection clause is neither unfair nor unreasonable.

 Corel first complains that the forum selection clause is unfair and unreasonable because it

“was not negotiated by the parties,” even though it had the option of putting the clause in its

EULA. However, the lack of negotiation that went into the EULA “is not critical,” and does not

alone indicate inherent unfairness. High Life, 823 S.W.2d at 497; accord State ex rel. Vincent v.

Schneider, 194 S.W.3d 853, 857–58 (Mo. banc 2006). “[T]he important factor is that the

contract terms were generally arrived at under circumstances that cannot be described as

‘adhesive.’” High Life, 823 S.W.2d at 497. A contract of adhesion exists when a greater

bargaining power imposes a contract on a party with less bargaining power, generally on a take-

 7
it-or-leave-it basis. Vincent, 194 S.W.3d at 857. To determine if a contract is adhesive, courts

have looked at the “take it or leave it nature or the standardized form of the document, but also to

the subject matter of the contract, the parties’ relative bargaining positions, the degree of

economic compulsion motivating the ‘adhering’ party, and the public interests affected by the

contract.” Eaton v. CMH Homes, Inc., 461 S.W.3d 426, 438 (Mo. banc 2015) (quoting Woods v.

QC Financial Services, Inc., 280 S.W.3d 90, 97 (Mo. App. E.D. 2008)). But the mere absence of

negotiations does not make a forum selection clause adhesive. See Chase Third Century Leasing

Co., Inc. v. Williams, 782 S.W.2d 408, 412 (Mo. App. W.D. 1989) (enforcing a forum selection

clause in an unnegotiated form contract). See also Carnival Cruise Lines, Inc. v. Shute, 499 U.S.

585, 593 (1991) (rejecting the idea that a forum selection clause is never enforceable simply

because the parties did not negotiate it). In reality, “the bulk of contracts signed in this country

are [pre-printed,] form contracts” and “any rule automatically invalidating [such] contracts

would be ‘completely unworkable.’” Vincent, 194 S.W.3d at 858 (alterations in original)

(quoting Swain v. Auto Services, Inc., 128 S.W.3d 103, 107 (Mo. App. E.D. 2003)). Here, the

parties—two large, successful companies—have substantially equal bargaining power, and the

record does not indicate that either party could not have looked elsewhere for business-related

needs. And we certainly will not find that Corel entered a contract of adhesion when it drafted

the EULA.

 Corel also argues that enforcing the forum selection clause in the EULA “would be unjust

and unreasonable” because the witnesses are not in California, none of the relevant conduct

occurred in California, neither party is based in California, and because Ferrellgas is not

prejudiced by litigation in Missouri. In Burke v. Goodman, this Court wrote that “a forum

selection clause may be unreasonable if it results in undue hardship, such as a necessity to travel

 8
or transport witnesses such a distance that expenses would render access to the courts

impractical.” 114 S.W.3d at 281 (emphasis added) (citing Whelan Sec. Co., Inc. v. Allen, 26

S.W.3d 592, 596 (Mo. App. E.D. 2000)). However, Corel has the burden to show that trial in

California “would be so gravely difficult and burdensome that [Corel] would be deprived of [its]

day in court.” Id. at 281–82; accord Chase Third Century, 782 S.W.2d at 412. Corel has not

met its burden, as it is not enough to merely plead that the witnesses are not in California and the

conduct did not occur in California. In Burke, the plaintiff filed suit in Missouri and opposed a

forum selection clause that required litigation to occur in Florida. This Court found the forum

selection clause reasonable and wrote:

 [T]he record does not indicate that [the plaintiff] supplied the trial court with the
 names of witnesses he would call, where they live and their significance to his
 case or made a showing of what his expenses to bring the case in Florida would
 be or that these expenses would create an undue hardship.

Id. at 282. This Court reached a similar finding in Whelan Security Company, Inc. v. Allen. See

26 S.W.3d at 596-97 (defendant opposing forum selection clause “made no showing of what its

expenses to defend the case in Missouri would be or that these expenses would create an undue

hardship”). Here, just like in Burke and Whelan, the record on appeal does not contain the names

and addresses of witnesses, their significance to the case, or the expected expenses from this suit

occurring in California. Therefore, we do not find the forum selection clause unfair

or unreasonable.

 Finally, Corel drafted the EULA. Corel decided that it wanted to litigate its EULA-

related disputes in the state and federal courts in California, a neutral forum for both parties. See

Reed, 534 S.W.3d at 813 (indicating that neutral clauses mitigate in favor of fairness). And

Corel drafted the provision requiring both parties to consent to any changes to the EULA in

 9
writing, which includes the forum selection clause. It is difficult for us to see how Corel can

complain that a provision it chose to put in its own EULA is either unfair or unreasonable.

 C. Non-contract claims

 Additionally, Corel argues that the circuit court erred in dismissing its petition because it

brought a tort conversion claim and “pleaded that Ferrellgas’s conduct in making unauthorized

reproductions and installations of Corel’s Software on unlicensed computers occurred in

Missouri.” According to Corel, this pleading satisfies the requirements of Missouri’s long-arm

statute, § 506.500, RSMo 2016, and provides the circuit court specific personal jurisdiction over

Ferrellgas. Corel cites to Kesterson v. State Farm Fire & Cas. Co., 242 S.W.3d 712 (Mo. banc

2008), in support of its argument that it must pursue all of its claims against Ferrellgas in

Missouri to avoid improperly splitting its claim. But this argument ignores the applicability of

the forum selection clause to Corel’s non-contract claims.

 The Supreme Court of Missouri has held that “whether a forum selection clause that by

its terms applies to contract actions also reaches non-contract claims depends on whether

resolution of the claims relates to interpretation of the contract.” Reed, 534 S.W.3d at 811

(internal quotation marks omitted) (quoting Major, 302 S.W.3d at 231). “[F]orum selection

clause reaches tort claims that ‘cannot be adjudicated without analyzing whether the parties were

in compliance with the contract.’” Major, 302 S.W.3d at 232 (quoting Manetti–Farrow, Inc. v.

Gucci America, Inc., 858 F.2d 509, 514 (9th Cir. 1988)). However, Corel’s First Amended

Petition reveals that a court must interpret Corel’s EULA to resolve this dispute:

 Ferrellgas wrongfully installed Corel’s Software on Ferrellgas’s Lenovo
 computers and other systems, and after express notification by Corel of
 Ferrellgas’s violations of Corel’s EULAs governing the use of the Software[,]
 Ferrellgas continued to keep Corel’s Software installed on its Lenovo computers
 and other systems without tendering payment and in deliberate disregard of
 Corel’s rights in the Software….

 10
(Emphasis added). Corel further incorporated this pleading in its unjust enrichment claim.

Resolution of these claims necessarily require an analysis of what conduct the EULA permits

and prohibits, as the EULA “govern[s] the use” of Corel’s software. Thus, the forum selection

clause applies to these non-contract claims just as it does to the breach of contract claim. Corel

cannot plead its way around its own forum selection clause to access Missouri courts.

 Point IV is denied.

 V.Conclusion

 We affirm the judgment of the circuit court. Because our disposition of Point IV justifies

the circuit court’s dismissal of Corel’s amended petition, we decline to address Corel’s other

points on appeal. Reed, 534 S.W.3d at 811.

 _______________________________
 Kelly C. Broniec, Judge

Sherri B. Sullivan, C.J. and
Kurt S. Odenwald, J. concur.

 11